RAMÓN MARTÍNEZ DE LEÓN, peticionario y apelado, v. JOSÉ ENRIQUE COLOM, COMISIONADO DEL INTERIOR DE PUERTO RICO, demandado y apelante.

Núm. 6785.—*Sometido:* Abril 7, 1937. *Resuelto:* Abril 30, 1937.

*Hon. Procurador General B. Fernández García* y *Emilio de Aldrey, Subprocurador,* abogados del apelante; *Angel M. Villamil,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA emitió la opinión del tribunal.

Ramón Martínez de León era un empleado permanente del Departamento del Interior de Puerto Rico dentro del Servicio Civil Clasificado desde julio primero de 1927 en que empezó a actuar como Inspector Residente a cargo de las obras de urbanización de los terrenos ganados al mar en Puerta de Tierra con un haber de $3,000 anuales. En el año 1932 el entonces Subcomisionado del Interior solicitó autorización de la Comisión de Servicio Civil para ascenderlo al puesto de Agrimensor con un sueldo anual de $1,800. Esta autorización no fué concedida. La parte pertinente de la comunicación dirigida en tal ocasión al Comisionado del Interior por el Presidente de la Comisión dice como sigue:

"....tengo a bien informarle que dicho ascenso no puede ser concedido hasta que el citado Sr. Martínez de León tome y apruebe un examen sin oposición para desempeñar la indicada plaza de Agrimensor. Por consiguiente, permítame sugerirle se sirva disponer sean preparados a la mayor brevedad posible los cuestionarios de rigor sobre las materias correspondientes."

El Subcomisionado del Interior solicitó entonces de la Comisión autorización para extender a Martínez de León un nombramiento temporero como Agrimensor de la División de Terrenos Públicos y Archivo de dicho Departamento, hasta marzo 31 de 1932, con un sueldo de $1,800 anuales. La Co-

misión accedió a lo solicitado, haciéndose constar que autorizaba dicho nombramiento hasta marzo 31 de 1932 en el ínterin Martínez de León aprobase el examen sin oposición para la citada plaza.

Aunque parece raro este ascenso, tratándose de un cargo con un sueldo mucho menor que el que se pagaba al peticionario como inspector, la verdad es que tanto la Comisión de Servicio Civil como el Departamento del Interior consideran que el cargo de agrimensor tiene una categoría superior al de inspector. El peticionario explica que al agotarse los fondos y no haber más dinero, y reorganizarse la División de Terrenos Públicos, accedió a desempeñar la plaza de agrimensor con $150 mensuales de sueldo.

Trascurrido el término por el cual fué extendido el nombramiento provisional sin que Martínez tomara el aludido examen, el Departamento del Interior solicitó y obtuvo autorización de la Comisión para extender el término por tres meses más. En fechas posteriores solicitó y obtuvo sucesivas prórrogas que también le fueron concedidas. En julio 11 de 1933 el Subcomisionado del Interior solicitó de la Comisión que autorizase una prórroga de dicho nombramiento con un sueldo de $1,539, a partir del primero de julio del referido año, y por el término necesario para seleccionar un candidato de una terna que pedía se le enviara. La Comisión autorizó la prórroga, esta vez hasta agosto 31 de 1933, pendiente de que Martínez tomara y aprobara el antedicho examen. El nombramiento temporero de que fué objeto Martínez de León fué, pues, prorrogado en diversas ocasiones a instancias del departamento y con la aprobación de la Comisión de Servicio Civil, sin que en el ínterin éste sufriera y aprobara el examen exigido por la Comisión como condición precedente a la extensión de un nombramiento permanente para dicha plaza.

En agosto 19 de 1933 el Departamento del Interior reiteró a la Comisión su solicitud para que le enviara una terna de elegibles con el fin de cubrir la aludida plaza. Tres días

después el Presidente de la Comisión envió una comunicación a Martínez, por conducto del Comisionado del Interior, requiriéndole para que compareciese a tomar el examen no más tarde del 31 del mes en curso. En esa misma fecha contestó la comunicación del Comisionado del Interior fechada en agosto 19, informándole no ser posible acceder al envío de la terna solicitada para cubrir la vacante de Agrimensor en la División de Terrenos Públicos y Archivos hasta tanto Martínez tomara y aprobara el examen sin oposición, y haciéndole saber además que Martínez ya había sido requerido para que fuera a tomar dicho examen.

Obedeciendo a un mensaje telegráfico que le fué enviado por el Subcomisionado del Interior en agosto 24, Martínez de León compareció al otro día de recibido dicho telegrama con el fin de que se le señalase día y hora para tomar el examen. El Presidente de la Comisión señaló dicho examen para el viernes primero de septiembre de 1933, a las ocho de la mañana, ofreciéndole a Martínez prorrogarle hasta el 30 de septiembre el término para que pudiera seguir ocupando el puesto referido en el ínterin tomaba el examen.

Estando Martínez en la oficina del Comisionado tomando dicho examen, recibió una comunicación del Comisionado del Interior notificándole su cesantía por haber expirado el último término de su nombramiento temporero prorrogado con el consentimiento de la Comisión. En esa misma fecha el Presidente de la Comisión había enviado una comunicación al Comisionado del Interior notificándole haber prorrogado el nombramiento temporero en cuestión hasta septiembre 30. En contestación a esta comunicación, el Comisionado del Interior envió otra al Presidente de la Comisión informándole que los servicios de Martínez de León habían sido descontinuados desde agosto 31 y que toda vez que el departamento no había solicitado una nueva prórroga del nombramiento de dicho empleado, estimaba no procedía tomar en consideración la concedida por la Comisión extendiendo dicho nombramiento hasta septiembre 30 de 1933.

Habiendo aprobado el examen satisfactoriamente, Martínez hizo gestiones para que se le repusiese en su cargo, a lo que se negó el Comisionado del Interior.

Esta negativa es la que ha dado origen a la radicación de la presente solicitud, declarada con lugar por la Corte de Distrito de San Juan, en virtud de un auto perentorio de *mandamus* contra el demandado, ordenándole la reposición del peticionario en el referido cargo y el envío al Auditor de Puerto Rico de la nómina correspondiente a los sueldos que dicho peticionario había dejado de percibir como agrimensor desde el primero de septiembre hasta el día en que fuere repuesto en el antedicho cargo.

La corte inferior erró al resolver que el Comisionado del Interior actuó arbitrariamente al suspender al peticionario del cargo de agrimensor que desempeñaba en el Departamento del Interior. En realidad el Comisionado del Interior no destituyó al apelado. El término del nombramiento temporero venció en agosto 31 de 1933. No se solicitó de la Comisión de Servicio Civil autorización para extender el nombramiento, limitándose el Jefe del Departamento a notificar a su subordinado que a partir de la fecha mencionada sus servicios no serían utilizados.

Los documentos admitidos como prueba demuestran claramente que no se trata en este caso de una suspensión o destitución del cargo que desempeñaba el peticionario. La verdad es que, expirado el término por el cual fué nombrado, el Comisionado del Interior se abstuvo de extenderle un nuevo nombramiento.

En 11 de julio de 1933 el Subcomisionado del Interior envió la siguiente comunicación al Presidente de la Comisión de Servicio Civil:

"Por la presente solicitamos autorización para prorrogar el nombramiento temporero de Ramón Martínez de León, como Agrimensor en la División de Terrenos Públicos y Archivos, con sueldo de $1,539 anuales, a partir del 1º. de julio y por el término necesario para seleccionar un candidato de una terna, cuya solicitud acompañamos."

En contestación a la carta que precede, el Presidente de la Comisión envió la siguiente comunicación al Comisionado del Interior, fechada en agosto 10, 1933:

"En atención a lo solicitado por usted en carta del día 11 de julio de 1933, y de acuerdo con la Regla XXXVI de Servicio Civil de Puerto Rico, tengo el honor de comunicarle que la prórroga del nombramiento temporero de Ramón Martínez de León, como Agrimensor en la División de Terrenos Públicos y Archivos, con sueldo anual de $1,539, ha sido autorizada por el término de julio 1º. hasta agosto 31, de 1933, pendiente que tome y apruebe un examen sin oposición para ascenso."

Con fecha 31 de agosto de 1933 el Comisionado del Interior dirigió la siguiente carta al apelado:

"Habiéndose vencido con fecha de hoy, agosto 31, 1933, la prórroga concedida por la Comisión de Servicio Civil del nombramiento temporero de usted como Agrimensor en la División de Terrenos Públicos y Archivos de este Departamento, tengo a bien informarle que sus servicios no serán utilizados a partir de esta fecha."

Es cierto que el Comisionado del Interior tiene que solicitar de la Comisión de Servicio Civil autorización para poder prorrogar el término de un nombramiento provisional por más de cuatro meses o para extender un nuevo nombramiento provisional a favor de una persona durante un año económico, y que la Comisión tiene facultad para conceder o no tal autorización; pero en ninguna parte de la ley se dice que el Comisionado esté obligado a solicitar una nueva prórroga o un nuevo nombramiento una vez expirado el término por el cual la prórroga o nombramiento temporero anterior fué extendido.

En el presente caso aparece de los documentos transcritos anteriormente que la última prórroga del nombramiento temporero del apelado solicitada por el Departamento del Interior y aprobada por la Comisión fué concedida por el término de julio primero a agosto 31, pendiente de que el apelado tomara y aprobara un examen sin oposición para ascenso. No surge de los autos que el Comisionado del Interior sea responsable del hecho de que el apelado no haya

tomado el examen durante el transcurso de dicho término, o de que no lo haya tomado durante el año y medio transcurrido desde la fecha en que se le extendió el primer nombramiento provisional. En agosto 22 el Presidente de la Comisión envió una comunicación al apelado, por conducto del Comisionado del Interior, para que compareciese a la oficina del primero a tomar el examen antes del 31 de agosto. En agosto 24, el Subcomisionado del Interior envió un telegrama al apelado redactado en idénticos términos. El apelado compareció a la oficina del Presidente de la Comisión en agosto 25. Sin embargo, el Presidente de la Comisión fijó como fecha para el examen el día primero de septiembre de 1933, o sea un día después de vencido el término por el cual fué extendido el último nombramiento provisional. El día primero de septiembre la Comisión dirigió al Comisionado del Interior la siguiente comunicación:

"Refiriéndonos nuevamente a su comunicación arriba numerada de fecha 11 de julio, 1933, tengo el honor de informarle que por la presente se autoriza la prórroga del nombramiento temporero de Rafael Martínez de León como Agrimensor, División de Terrenos Públicos y Archivos, con sueldo anual de $1,539, por el período de septiembre 1°. a septiembre 30, 1933, estando dicho empleado sufriendo hoy el examen sin oposición para ascenso, al cual examen aludimos en nuestra carta fechada 22 de agosto de 1933, dirigida al Hon. Comisionado del Interior. Sírvase disponer que un funcionario de ese Departamento venga a calificar las materias del referido examen sin oposición."

Es importante tener en cuenta que la carta fechada en 11 de julio de 1933, dirigida por el Subcomisionado del Interior al Presidente de la Comisión de Servicio Civil, fué contestada en 10 de agosto del mismo año, concediendo la prórroga solicitada por el jefe de departamento hasta el 31 de agosto de 1933. Ahora, en primero de septiembre, después de expirado el término del nombramiento provisional que desempeñaba el peticionario, vuelve el Presidente de la Comisión a escribir al Comisionado diciéndole que el nombramiento ha sido prorrogado hasta el día 30 de septiembre

de 1933. ¿Tiene derecho la Comisión de Servicio Civil a extender una nueva prórroga, después de haber respondido a una comunicación del jefe de departamento concediendo la referida prórroga para una fecha determinada? ¿Cuántas veces puede la Comisión de Servicio Civil contestar las comunicaciones que para una extensión de prórroga le dirija el jefe de departamento? Si puede hacerlo por segunda vez es necesario reconocer que está autorizada también para hacerlo de modo indefinido cuantas veces quiera, y esto equivaldría a conceder a la Comisión de Servicio Civil una facultad que en realidad no tiene. Es el jefe de departamento el que debe dirigirse a la Comisión para solicitar que se extienda una prórroga al nombramiento ya hecho. La facultad de la Comisión se limita a autorizar esa prórroga, es decir, a permitirla cuando se le pida por el funcionario donde el empleado temporero está prestando servicios. Y es natural que así sea. La Comisión no puede estar al tanto de la necesidad y conveniencia de los servicios del empleado. El jefe de departamento hace el nombramiento provisional y cuando quiera extenderlo porque así lo requiera el servicio, es que debe dirigirse a la Comisión solicitando autorización para que se prorrogue el nombramiento.

La carta de 11 de julio de 1933 quedó definitivamente contestada en agosto 10 del mismo año, y la Comisión, a nuestro juicio, carece de autoridad para extender una nueva prórroga sin haber sido solicitada por el jefe de departamento. Tampoco puede la Comisión, a nuestro juicio, prorrogar un término que ya ha expirado. Como hemos visto, la comunicación en que se intenta conceder la prórroga no fué escrita mientras el nombramiento estuvo en vigor, sino después de haber éste expirado. No fué la intención de la ley autorizar al organismo referido para conceder prórrogas *motu proprio* sin la intervención del poder nominador. Es el jefe del departamento la autoridad llamada a saber si los servicios del empleado provisional son necesarios o no y si conviene a los intereses públicos que siga desempeñando su cargo. La

Comisión de Servicio Civil no está en condiciones de apreciar si existe o no esta necesidad, porque sus funciones no se lo permiten, siendo ·de muy distinto carácter.

El artículo 24 de la Ley de Servicio Civil dice como sigue:

"Todos los nombramientos temporeros continuarán solamente hasta que sean establecidos los registros de reposiciones o los de elegibles, y en ningún caso deberán prolongarse tales nombramientos por más de cuatro meses, en total, ni se hará más de un nombramiento provisional a favor de una persona, ni servirá ésta más de cuatro meses como empleado provisional durante un año económico, salvo por autorización expresa de la Comisión."

El poder nominador no puede extender ningún nombramiento provisional por más de cuatro meses sin la autorización de la Comisión de Servicio Civil. El precepto transcrito es demasiado claro sobre el particular para que pueda ser objeto de interpretación judicial. ·Como ya hemos dicho, este precepto sólo concede a la Comisión la facultad de autorizar las prórrogas, pero no de extenderlas a su capricho y voluntad.

No estamos conformes con el apelado en que el Comisionado consintió implícitamente a la extensión de la prórroga concedida por la Comisión, y que, por tanto, está impedido de negar ahora la validez de la misma. Es verdad que se llamó y concedió una licencia al peticionario para someterse al examen y que se prepararon las preguntas necesarias para dicho acto; pero es también cierto que la comunicación enviada al peticionario en agosto 22 de 1933 por el Presidente de la Comisión y por conducto del Comisionado, requiriéndole para que compareciese a la oficina de la Comisión a tomar el examen, le instaba para que se personase en dicha oficina antes del 31 de agosto, fecha en que expiraba el término por el cual fué extendida la última prórroga al peticionario. El mensaje dirigido al mismo por el Subcomisionado del Interior en agosto 24 dice así:

"Urge su presencia en ésta para tomar examen servicio civil antes día 31 de este mes."

La licencia concedida al apelado autorizándole a permanecer fuera de su oficina mientras estuviese sometido a dicho examen fué concedida en agosto 25, o sea, seis días antes de vencerse el referido término. Las preguntas necesarias para el examen fueron preparadas también con anterioridad al vencimiento de dicho término. Como apuntamos anteriormente, no hay nada en los autos que arroje responsabilidad sobre el Departamento del Interior por el hecho de que el apelado no haya tomado dicho examen antes de expirar el término. No surge tampoco que el apelado solicitase de la Comisión, durante el año y medio en que estuvo desempeñando el cargo de agrimensor interinamente, que se le sometiera a dicho examen.

En tales circunstancias, opinamos que habiendo expirado el término por el cual fué extendido el último nombramiento provisional al peticionario sin que durante ese término ni durante el largo período anterior en que fué objeto de sucesivos nombramientos provisionales tomara y aprobara el examen a que tenía derecho para permanecer permanentemente como agrimensor en la División de Terrenos Públicos y Archivos, el Comisionado del Interior no actuó fuera de ley al no extender nuevo nombramiento provisional al apelado y no haber solicitado permiso de la Comisión para ello, pues los nombramientos extendidos llevaban la condición de que durante el término de los mismos sufriera dicho examen. Habiendo el apelado tomado y aprobado el referido examen después de cesar en sus funciones como empleado provisional, no tiene derecho a ser repuesto en el cargo mencionado.

*Debe revocarse la sentencia apelada y dictarse otra en su lugar desestimando la petición sin especial condenación de costas.*

El Juez Asociado Señor Travieso no intervino.