DEPARTAMENTO DE RECURSOS NATURALES, demandante y recurrente, *v.* ENRIQUE CORREA, demandado y recurrido.

*Número:* CE-86-140 *Resuelto:* 15 de abril de 1987

---

*Demetrio Fernández,* abogado del recurrente; *Harry N. Padilla Martínez,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

Se nos plantea en este recurso si un empleado público, con nombramiento transitorio, tiene un interés legítimo de retención en el empleo una vez expirado el término de su designación.

I

En septiembre de 1977 el recurrido Enrique Correa fue nombrado empleado provisional en el Departamento de Recursos Naturales bajo el programa federal del *Comprehensive Employment and Training Act* (conocido como el Plan CETA), Pub. L. Núm. 93–203, 87 Stat. 839. Su nombramiento expiró en junio de 1978, pero fue prorrogado, también con carácter provisional, con fondos federales del Plan CETA.

Aunque se le había ofrecido un puesto permanente, en julio de 1978 recibió nombramiento transitorio, con cargo a fondos estatales. El señor Correa continuó recibiendo nombramientos transitorios, siempre a término fijo. La última renovación de su contrato transitorio se hizo el 3 de diciembre de 1982; el mismo expiró el 31 de marzo de 1983 y no fue renovado.

Inconforme, el señor Correa acudió ante la Junta de Apelaciones del Sistema de Personal (J.A.S.A.P.) donde alegó que su separación del empleo fue producto de una actuación ilegal, caprichosa y arbitraria del Departamento de Recursos Naturales. J.A.S.A.P. concluyó que el recurrido tenía una expectativa real de retención en el empleo y que fue separado del servicio por razones ajenas al mérito. Ordenó se le restituyera en el puesto transitorio que ocupaba y que además, dada la expectativa de retención en el empleo, se iniciaran los trámites pertinentes para extenderle un nombramiento regular al recurrido.

El Tribunal Superior no expidió el auto de revisión solicitado por el Departamento de Recursos Naturales, quien acudió ante nosotros mediante solicitud de *certiorari*. Acordamos revisar y ahora revocamos la decisión de J.A.S.A.P.

## II

■ Un empleado público tiene un reconocido interés en la retención de su empleo, si dicho interés está protegido por ley o cuando las circunstancias del empleo le crean una expectativa de continuidad. *Pierson Muller I* v. *Feijoó*, 106 D.P.R. 838, 852 (1978); *Morales Narváez* v. *Gobernador*, 112 D.P.R. 761, 767 (1982).

■ La Ley de Personal del Servicio Público, 3 L.P.R.A. sec. 1301 *et seq.*, aprobada el 14 de octubre de 1975, establece dos categorías básicas de empleados públicos: de carrera y de confianza. 3 L.P.R.A. sec. 1349. Los empleados de carrera ingresan al sistema mediante un proceso de reclutamiento y se-

lección que ofrece la oportunidad de competir a toda persona cualificada que interese ingresar al empleo público. 3 L.P.R.A. sec. 1333. Si completa satisfactoriamente el período probatorio, el empleado adquiere *status* de empleado regular de carrera. 3 L.P.R.A. sec. 1333(10). A este tipo de empleado se le provee seguridad en el empleo, y se le puede destituir sólo por justa causa y previa formulación de cargos. 3 L.P.R.A. sec. 1336. Por el contrario, los empleados de confianza serán de libre selección y remoción. 3 L.P.R.A. sec. 1350. Además de estas dos categorías de empleados, la Ley de Personal provee para el nombramiento de personal transitorio. 3 L.P.R.A. secs. 1333(12) y 1336(9).

■ Bajo la anterior Ley de Personal, se permitía el nombramiento de personal en puestos transitorios, por un término que no excediera un año. La autorización para la creación de puestos transitorios tenía por objeto proveer un mecanismo "para atender las necesidades de personal adicional temporero, en situaciones de aumentos periódicos en el volumen de trabajo, actividades de corta duración, y sustitución de empleados regulares en uso de licencia". Oficina de Personal, Circular Núm. 83 de 11 de marzo de 1958. La esencia del nombramiento transitorio es su duración fija. Responde este tipo de puesto a la necesidad de brindarle a las agencias y departamentos del gobierno flexibilidad para atender las demandas de personal con carácter inmediato, pero a la vez temporero, surgidas por situaciones imprevistas o de emergencia, las cuales no pueden afrontarse con el personal regular. Véanse: Oficina de Personal, Circular Núm. 126 de 30 de junio de 1969; Opinión Núm. 1973–31 en Opiniones Srio. Justicia P. R. 164 (1973); Oficina Central de Administración de Personal, Carta Normativa Núm. 5-76.

■ La vigente Ley de Personal del Servicio Público, 3 L.P.R.A. sec. 1301 *et seq.*, recoge estos principios y establece

que "[l]as personas nombradas en puestos de duración fija tendrán status transitorio. *La duración de estos nombramientos corresponderá al período por el cual se cree el puesto*". (Énfasis nuestro.) 3 L.P.R.A. sec. 1333 (12).

Según el Reglamento de Personal, los empleados con nombramiento transitorio no se consideran empleados de carrera, y "[n]inguna persona que haya recibido nombramiento transitorio podrá ser nombrada para desempeñar puestos en el servicio de carrera con status probatorio o regular a menos que haya pasado por el proceso de reclutamiento y selección que establece la Sección 4.3 de la Ley [de Personal]". Reglamento de Personal: Administración Central, Sec. 7.9. Esto responde a que el reclutamiento de personal transitorio no sigue el trámite regular de reclutamiento y selección de personal de carrera. "El proceso de reclutamiento y selección para los aspirantes a nombramientos transitorios consistirá en una evaluación de los candidatos a los únicos fines de determinar si reúnen los requisitos mínimos establecidos para la clase de puesto en la cual habrán de ser nombrados." Reglamento de Personal: Áreas Esenciales al Principio de Mérito, Sec. 7.9. Dado que los empleados transitorios son nombrados para atender necesidades de personal imprevistas o de emergencia, se utiliza un procedimiento especial que agiliza el reclutamiento y selección del personal necesario. [1]

---

[1] No debe confundirse la categoría de empleado transitorio con la de empleado irregular. Al aprobarse la vigente Ley de Personal del Servicio Público, expresamente se dispuso que en lo relativo al empleo del personal irregular del gobierno, continuará en vigor la Ley Núm. 110 de 26 de junio de 1958, según enmendada, 3 L.P.R.A. sec. 711 *et seq.* La Ley de Personal Irregular contempla el que un empleado irregular adquiera categoría de empleado regular, si cumple con los siguientes requisitos: (1) haber prestado servicios continuos por tres años en una agencia del gobierno del Estado Libre Asociado; (2) poseer los requisitos mínimos de preparación y experiencia establecidos para la clase de puesto a la cual se asignen las funciones que venía desempeñando, y (3) que el jefe de la agencia en la cual presta sus servicios verifique que sus servicios han sido satisfactorios. 3 L.P.R.A. sec. 711g.

Este Tribunal ha tenido pocas oportunidades de expresarse sobre la naturaleza jurídica del puesto transitorio.

En *Pacheco* v. *Srio. Instrucción Pública,* 108 D.P.R. 592 (1979), al determinar si los maestros provisionales, sustitutos y temporeros, quienes eran contratados de año en año, debían considerarse maestros en servicio activo a los fines de la Ley Núm. 25 de 3 de junio de 1960 (18 L.P.R.A. sec. 249d), ([2]) expresamos que:

> Ninguna persona tiene un derecho absoluto a que se le nombre en un cargo público. Véase *Board of Regents of State Colleges* v. *Roth,* 408 U.S. 564, 577–578 (1972). Los maestros contratados para un determinado curso escolar están en servicio activo mientras estén vigentes sus contratos, como están en servicio activo los maestros contratados permanentemente y probatorios durante los dos años de servicio continuo para los que son nombrados. *Al expirar el contrato de un maestro nombrado por un año, deja éste de estar en servicio activo hasta que se le extienda un nuevo contrato.* (Énfasis suplido.) *Pacheco* v. *Srio. Instrucción Pública,* supra, pág. 600.

En aquellos casos en que un empleado transitorio es cesanteado *antes de vencerse su nombramiento,* hemos reconocido que la autoridad nominadora viene obligada a seguir el procedimiento de cesantías establecido en la Sec. 9.3 del Reglamento de Personal. *Pizarro* v. *Municipio de Carolina,* 112 D.P.R. 822 (1982); *Delgado* v. *D.S.C.A.,* 114 D.P.R. 177 (1983). Este reconocimiento obedece a que el principio de mérito cobija a todos los empleados públicos, y a que la retención en el empleo es una de las áreas esenciales del mérito. 3 L.P.R.A. sec. 1312.

---

([2]) Esta ley le reconoce el derecho a los maestros de escuelas públicas de participar en actividades políticas y a ser candidatos a cargos electivos, y además reglamenta dicha participación política. 18 L.P.R.A. sec. 249a *et seq.*

■ Si bien la Ley de Personal define un puesto transitorio en función de su duración limitada, el principio de mérito obliga a que *durante la vigencia del nombramiento* se le reconozca al empleado una legítima expectativa de retención. *Delgado* v. *D.S.C.A.*, supra, págs. 184, 190. No obstante, si vencido el término del nombramiento no se le extiende al empleado uno nuevo, no estamos ante una suspensión o destitución sino ante una cesantía en el cargo. *Martínez* v. *Colom, Comisionado*, 51 D.P.R. 417, 421 (1937).

■ Examinada la Ley de Personal, el reglamento y el historial legislativo de esa medida, concluimos que un nombramiento transitorio genera expectativa de retención en el empleo *sólo* durante el término del nombramiento. Ante el claro mandato legislativo, resulta inescapable concluir que bajo las disposiciones de la Ley de Personal del Servicio Público un empleado transitorio no goza de derecho a permanencia en su puesto ni tiene expectativa legítima de retención en el mismo una vez ha vencido el nombramiento. Véase también *Cheveras Pacheco* v. *Rivera Gonzalez*, No. 86-1428, *slip op.* (1er Cir. enero de 1987).

Como la ley no le reconoce un derecho de retención en su empleo al señor Correa, debemos examinar si las circunstancias particulares de su empleo le crean una legítima expectativa de continuidad.

### III

Antes de ingresar al Departamento de Recursos Naturales el señor Correa llevaba seis años trabajando para la Policía de Puerto Rico donde ocupaba una plaza de carrera. Renunció a ese puesto al ser reclutado por el Departamento de Recursos Naturales. Como ya señaláramos, ocupó una plaza transitoria, pero con el ofrecimiento de que la misma sería convertida en permanente. Apoyado en ese ofrecimiento y en lo resuelto por este foro en *Lupiáñez* v. *Srio. de Instrucción*, 105 D.P.R. 696

(1977), el recurrido reclama tener una expectativa de retención en el empleo. Alega además, que los seis años trabajados para la Policía más los cinco años en Recursos Naturales demuestran que ha hecho del servicio público la vocación de su vida, lo que también le da una expectativa de continuidad en su empleo. No le asiste la razón.

Las circunstancias de empleo del recurrido son claramente distinguibles de las que nos llevaron a reconocer en *Lupiáñez* v. *Srio. de Instrucción,* supra, que existía una legítima expectativa de que el puesto que desempeñaba se convertiría en permanente.

Si bien se le había ofrecido una plaza permanente, al señor Correa se le nombró empleado provisional especial bajo el Plan CETA. Este programa federal tenía como objetivo el promover el reclutamiento y entrenamiento de personas en áreas de alto desempleo con el fin de capacitarlos para competir en el mercado de trabajo. En el área particular de empleo público, el Plan CETA ofrecía ayuda económica *para la creación de puestos transitorios* en los cuales personas desempleadas pudieran recibir algún tipo de entrenamiento que les facilitara más adelante ingresar en otros empleos no auspiciados por el programa. Pub. L. Núm. 93–203; 87 Stat. 850. (Énfasis nuestro.) Indiscutiblemente, durante el tiempo en que el señor Correa estuvo empleado bajo el Plan CETA no podía abrigar una expectativa real de retención. El programa federal disponía para puestos transitorios cuyo fin primordial era el entrenamiento de individuos y no la creación de plazas permanentes.

De empleado provisional especial bajo el Plan CETA, el señor Correa pasó a ser empleado transitorio, según las disposiciones de la Ley de Personal, y a cobrar de fondos estatales. Sus nombramientos bajo el Plan CETA y sus posteriores nombramientos transitorios siempre fueron a término fijo y claramente especificaban la fecha de vencimiento. Incluso, en la carta mediante la cual se le extendió su último nombra-

miento transitorio, se le incluyó la siguiente advertencia: "[a]provecho la oportunidad para recordarle que su nombramiento es de carácter transitorio y el mismo no le da derecho a obtener nombramiento en un puesto regular."

 No cabe duda de que el ofrecimiento de un puesto de carrera fue sólo una promesa que no estuvo acompañada de trámite o gestión alguna dirigida a efectivamente concederle permanencia. El simple ofrecimiento de una plaza permanente sin actos por parte de la agencia que inequívocamente evidencien un acuerdo de convertir el ofrecimiento en realidad, no puede ser suficiente para conferir al recurrido algo más que una expectativa unilateral de retención en el empleo. *Perry* v. *Sindermann*, 408 U.S. 593, 601–602 (1972); *Board of Regents* v. *Roth*, supra, pág. 577; *Wells* v. *Bd. of Regents of Murray State University*, 545 F.2d 15 (6to Cir. 1977); *Bertot* v. *School District No. 1, Albany County, Wyo.*, 522 F.2d 1171 (10mo Cir. 1975). Por el contrario, el recurrido era consciente de que la plaza que ocupaba era una transitoria, y a término fijo. *Haimowitz* v. *University of Nevada*, 579 F.2d 526 (9no Cir. 1978). El que ostenta un nombramiento transitorio, con el conocimiento de que el mismo vence transcurrido el término para el cual fue expedido, no puede sostener válidamente que tiene una expectativa real de que dicho tipo de nombramiento le brinda permanencia en su empleo o derecho a que el mismo se le extienda constantemente.

 En cuanto al argumento de haber hecho del servicio público su vocación, reiteramos que "el mero hecho de ocupar una posición por un prolongado período de tiempo no crea por sí solo un interés propietario . . .". *Morales Narváez* v. *Gobernador*, supra, pág. 768 (1982); *Bollow* v. *Federal Reserve Bank of San Francisco*, 650 F.2d 1093 (9no Cir. 1981).

No existen, pues, en este caso las circunstancias que ameriten se reconozca una real y legítima expectativa de retención de empleo por parte del recurrido.

## IV

■ Ya que ni la ley ni las circunstancias del caso apoyan el reclamo de retención de empleo del recurrido, procede revocar la decisión de J.A.S.A.P. Expirado el término de un nombramiento transitorio, la agencia no viene obligada a demostrar justa causa para no renovar el nombramiento.

■ Finalmente, deseamos expresar nuestra preocupación por el uso del nombramiento de empleados transitorios para desempeñar funciones que propiamente corresponden a una plaza de carrera. Este ha sido un medio tradicionalmente utilizado por las agencias para no someter a los candidatos a empleo público al proceso cualificador y competitivo que caracteriza y fortalece al sistema de mérito. En muchos casos estos nombramientos se han utilizado para desempeñar por prolongados períodos de tiempo funciones que correspondían a puestos regulares, estableciéndose así una estructura paralela al sistema consagrado en la Ley de Personal. El efecto de esta práctica sobre el sistema de mérito es devastador e impermisible.

■ Con esta decisión fortalecemos el principio de mérito en la administración pública de nuestro país. Permitir que una persona nombrada a un puesto transitorio, al margen de los mecanismos de reclutamiento y retención provistos por el Reglamento y la Ley de Personal, adquiera permanencia en un empleo, destruiría el principio de mérito y sería contrario a los intereses y necesidades de nuestro país. Hoy le damos continuidad a la historia del servicio civil en Puerto Rico y reafirmamos nuestra obligación de hacer cumplir las leyes.

Por los fundamentos expuestos, *la decisión de la Junta de Apelaciones del Sistema de Personal será revocada.*

El Juez Asociado Señor Rebollo López disiente sin opinión escrita.