Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| Leonor Cortés De Jesús<br><br>Recurrente<br><br>v.<br><br>Departamento de Educación<br><br>Recurrido | KLRA202300395 | REVISIÓN ADMINISTRATIVA procedente de la Oficina de Apelación del Sistema de Educación<br><br>Caso Núm. PASE-2022-00023<br><br>Sobre: Retención |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de septiembre de 2023.

Comparece la parte recurrente, Leonor Cortés De Jesús, (en adelante, "recurrente" o "parte recurrente"), para solicitarnos que se revise una *Resolución Sumaria* dictada y notificada el 28 de marzo de 2023 por la Oficina de Apelaciones del Sistema de Educación (en adelante, "OASE") mediante la cual se desestimó la *Apelación* por falta de jurisdicción.

Por los fundamentos que expondremos a continuación, se confirma la *Resolución* recurrida.

I

El 9 de septiembre de 2022, la recurrente presentó una *Apelación* ante la OASE, por la cual solicitó la eliminación del expediente una evaluación docente del año escolar 2021-2022 de los archivos del Departamento de Educación (en adelante, "Departamento"), del expediente personal de la recurrente y del

portal del empleado. En segundo lugar, solicitó que se le ordenara al Departamento que le extendiera su nombramiento transitorio.[1]

Según alegó en el escrito, la recurrente ostentó un puesto transitorio de maestra de español de educación temprana (nivel elemental K-3) desde el 19 de mayo de 2022 hasta el 28 de junio de 2022 en la escuela Arístides Cales Quirós del Municipio de Guayanilla, que pertenece al Departamento de Educación. Alegó también que, a pesar de cumplir con los requisitos en la Ley Núm. 2-2022, no se le extendió su nombramiento. Asimismo, la recurrente sostuvo que la directora escolar incumplió con la reglamentación aplicable en torno al proceso de evaluación y que, consecuentemente, el proceso de evaluación es nulo de su faz y no debió considerarse para la extensión de su nombramiento. Además, informó que, el 10 de agosto de 2022, notificada el 11 de agosto de 2022, la Secretaría Auxiliar II de Recursos Humanos emitió una *Certificación* en la cual le notificó que no se le extendió su nombramiento porque obtuvo una evaluación inadecuada, del cual cuyo documento recurrió.

Acaecidos diversos incidentes procesales, el 25 de enero de 2023, el Departamento presentó *Moción de Desestimación,* donde planteó la falta de legitimación activa, falta de un derecho propietario sobre su empleo y que la recurrente no expuso una reclamación que justificara la concesión de un remedio. Por tanto, solicitó la desestimación del recurso. Así las cosas, mediante *Orden* dictada y notificada el 11 de octubre de 2022, la OASE le concedió un término de veinte (20) días a la recurrente para que mostrara causa por la cual no debía desestimar el recurso por incumplimiento con los Artículos 6.1 y 6.2 del Reglamento de la Oficina de

---

[1] Hacemos constar que la *Apelación* en el expediente del presente recurso se anejó de manera incompleta, faltando tres (3) páginas. Véase Apéndice del expediente KLRA202300395, págs. 24-32.

Apelaciones del Sistema de Educación (OASE), Reglamento Núm. 9099. Transcurrido el término concedido, la recurrente no compareció en cumplimiento de la referida *Orden*.

El 28 de marzo de 2023, notificada en la misma fecha, la OASE emitió una *Resolución Sumaria*. La OASE desestimó el recurso por falta de jurisdicción y decretó su cierre y archivo con perjuicio. En cuanto a los planteamientos de la *Moción de Desestimación*, la OASE los declaró académicos. La OASE señaló que sólo obra en el expediente la *Apelación* y copia de una *Certificación* expedida el 10 de agosto de 2022. En apretada síntesis, la OASE concluyó que la recurrente presentó el recurso cuando ya no era empleada del Departamento y no perfeccionó el recurso porque no surge evidencia de la terminación de su nombramiento antes de su vencimiento. La OASE razonó que la apelación fue presentada fuera del término de la Regla 6.1 del Reglamento de OASE debido a que no surgió del recurso notificación de una determinación del Secretario de no renovarle su contrato, antes de la fecha de terminación del nombramiento. Por último, la OASE entendió que el nombramiento tiene fecha de comienzo y fecha de terminación definida, por lo que no se evidenció que se haya cancelado antes de su vencimiento y que dicha cancelación le hubiese brindado jurisdicción a la OASE para entender el recurso.

En desacuerdo con el dictamen, el 14 de abril de 2023, la recurrente presentó una *Moción en Solicitud de Reconsideración*. Expresó que no procedía la severa sanción de desestimación ante un primer incumplimiento del cual no fue apercibida y no se proveyó oportunidad de corregir la situación. En adición, alegó haberse mantenido activamente investigando su caso sopesando los planteamientos de la *Orden*, por lo que su primer incumplimiento surgió por inadvertencia y no por dejadez. En segundo lugar, reiteró sus planteamientos y adujo que se recurría de la *Certificación* por el

incumplimiento de la directora escolar con la reglamentación aplicable que resultó en la evaluación inadecuada que, en su vez, obstaculizó la extensión de su nombramiento. En fin, alegó que la OASE poseía jurisdicción por haberse presentado la *Apelación* dentro del término jurisdiccional de treinta (30) días a partir de la *Certificación* y que la *Certificación* era el único documento necesario por lo cual no procedía incluir documentos adicionales.

El 17 de mayo de 2023, luego de un término concedido por la OASE, el Departamento presentó *Moción en Cumplimiento de Orden del 20 de abril de 2023 y Réplica a Moción en Solicitud de Reconsideración.* Señaló que la recurrente hizo alegaciones generalizadas sin especificar y tampoco proveyó documentación que sostenga sus planteamientos. En cambio, esgrimió que el Departamento realizó y completó el proceso de evaluación requerido, justificando así la acción de no hacerle extensivo su contrato. Además, arguyó que la recurrente no utilizó los mecanismos provistos por el reglamento para refutar el resultado de su evaluación y sustentar sus planteamientos dentro de los diez (10) días laborables, contados desde que se completó la visita de evaluación. Por otro lado, argumentó que la OASE sólo tiene jurisdicción para revisar determinaciones finales sobre los asuntos de personal del Departamento, conforme al Artículo 3.01(i) de la Ley Núm. 85-2018 y el Reglamento de la OASE, y que la recurrente ya no era empleada del Departamento. En conclusión, solicitó que se declarara No Ha Lugar a la *Moción en Solicitud de Reconsideración* y se mantuviera el dictamen sumario.

El 22 de mayo de 2023, la recurrente presentó *Moción Solicitando Autorización para Duplicar a Moción en Cumplimiento de Orden del 20 de abril de 2023 y Réplica a Moción en Solicitud de Reconsideración.* En apretada síntesis, la recurrente disputó que el Departamento señaló por primera vez las alegaciones generalizadas

de la recurrente y planteó argumentos no recogidos en pasados escritos sobre el proceso de evaluación. En cambio, la recurrente arguyó que la especificidad de las alegaciones surge a partir del descubrimiento de prueba y luego detalló el proceso de evaluación que alegadamente se llevó a cabo durante su nombramiento.

El 23 de mayo de 2023, notificada el mismo día, la OASE emitió una *Resolución Interlocutoria*. La OASE dio por cumplida su *Orden* y declaró No Ha Lugar a la solicitud de dúplica. La OASE determinó que la moción "básicamente pretende enmendar la apelación con nuevos alegatos en la etapa de reconsideración y aneja documentos que no obran en autos".[2]

El 12 de julio de 2023, la OASE emitió una *Resolución en Reconsideración* en la cual declaró No Ha Lugar a la *Moción en Solicitud de Reconsideración*. En desacuerdo con el dictamen, el 4 de agosto de 2023, la recurrente presentó un *Recurso de Revisión Administrativa* ante este foro revisor con los siguientes señalamientos de error:

> PRIMERO: ERRÓ LA OASE AL RESOLVER QUE NO TIENE JURISDICCIÓN PARA ENTENDER EN LA APELACIÓN TODA VEZ QUE SE INCUMPLIÓ CON EL ARTÍCULO 6.1 DEL REGLAMENTO PROCESAL DE LA OASE QUE REQUIERE UNA DETERMINACIÓN FINAL QUE FACULTE A LA OFICINA, POR DISPOSICIÓN LEGAL Y REGLAMENTARIA A ASUMIR JURISDICCIÓN EN EL CASO.
>
> SEGUNDO: ERRÓ LA OASE AL DETERMINAR QUE POR LA AQUÍ RECURRENTE TENER UN NOMBRAMIENTO TRANSITORIO NO TENÍA EXPECTATIVA DE RETENCIÓN AL PUESTO EN EL CUAL FUE NOMBRADA CUANDO LA AQUÍ RECURRENTE CUMPLÍA CON LOS CRITERIOS DE ELEGIBILIDAD QUE LE CREÓ UNA EXPECTATIVA DE EXTENSIÓN EN SU PUESTO TRANSITORIO POR TRES (3) AÑOS ADICIONALES.
>
> TERCERO: ERRÓ LA OASE AL DECLARAR NO HA LUGAR LA MOCIÓN PARA DUPLICAR DE LA PARTE RECURRENTE ANTE PLANTEAMIENTOS NUEVOS TRAIDOS [sic] POR EL DEPARTAMENTO DE EDUCACIÓN EN SU MOCIÓN DE OPOSICIÓN A RECONSIDERACIÓN.

---

[2] *Id,* pág. 58.

Ante la comparecencia y sumisión de los escritos de las partes, damos por perfeccionado el presente recurso y procedemos a exponer el derecho aplicable.

II

**A. *Estándar de Revisión Administrativa***

Las decisiones, órdenes y resoluciones finales emitidas por los organismos administrativos están sujetas al proceso de revisión judicial ante el Tribunal de Apelaciones.[3] El objetivo principal de la revisión judicial se enfoca en garantizar que las agencias administrativas actúen conforme a las facultades concedidas por ley.[4] Constituye una norma reiterada por el Tribunal Supremo de Puerto Rico que los tribunales apelativos deben conceder deferencia a las determinaciones de las agencias administrativas por la experiencia y conocimiento especializado que éstas poseen sobre los asuntos ante su consideración y que por ley se les ha delegado.[5] Por ello, las determinaciones de las agencias administrativas gozan de una presunción de legalidad y corrección que los tribunales deben respetar mientras que no se presente evidencia suficiente para superarla o invalidarla.[6]

La parte que impugna judicialmente una determinación de hecho de una agencia administrativa tiene el peso de la prueba para demostrar que estas no están basadas en el expediente o que las conclusiones a las que llegó son irrazonables.[7] Conforme a lo dispuesto en la sección 4.5 de la LPAU[8], las determinaciones de hechos de una agencia del Gobierno "se sostendrán si se

---

[3] *Oficina de Ética Gubernamental v. Martínez Giraud*, 209 DPR 79, 88 (2022).
[4] *Hernández Feliciano v. Mun. de Quebradillas*, 2023 TSPR 6; *Oficina de Ética Gubernamental v. Martínez Giraud, supra.*
[5] *Hernández Feliciano v. Mun. de Quebradillas, supra; Oficina de Ética Gubernamental v. Martínez Giraud, supra,* pág. 89; *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR,* 196 DPR 606, 626 (2016).
[6] *Capó Cruz v. Junta Planificación et al.*, 204 DPR 581, 591 (2020).
[7] *González Segarra et al. v. CFSE*, 188 DPR 252, 276–278 (2013); *OCS v. Universal,* 187 DPR 164, 178–179 (2012).
[8] 3 LPRA sec. 2175.

fundamentan en evidencia sustancial que obre en el expediente administrativo."[9] A estos fines, el Tribunal Supremo ha establecido que la evidencia sustancial es "aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión".[10] Empero, la aceptación no puede estar sostenida por un ligero destello de evidencia o por simples inferencias.[11]

Ahora bien, el criterio rector al momento de pasar juicio sobre la decisión de un foro administrativo es la razonabilidad de la actuación de la agencia, luego de considerar el expediente administrativo en su totalidad.[12] Consecuentemente, la revisión judicial estará limitada a evaluar si la actuación de la agencia fue arbitraria, ilegal o irrazonable, constituyendo así un abuso de discreción.[13] De este modo, el alcance del proceso de revisión se ciñe a determinar: 1) si el remedio concedido por la agencia fue el apropiado; 2) si las determinaciones de hecho de la agencia están basadas en evidencia sustancial que obra en el expediente administrativo, y; 3) si las conclusiones de derecho fueron las correctas.[14]

Por su parte, las determinaciones de derecho pueden ser revisadas en todos sus aspectos.[15] No obstante, la revisión judicial no equivale a la sustitución automática del criterio e interpretación del organismo administrativo.[16] Los tribunales revisores descartarán el criterio de los entes administrativos cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo.[17] En virtud de ello, los tribunales revisores

---

[9] *JP, Plaza Santa Isabel v. Cordero Badillo,* 177 DPR 177, 187 (2009).
[10] *Capó Cruz v. Junta Planificación et al.*, *supra*, citando a *Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004).
[11] *Oficina de Ética Gubernamental v. Martínez Giraud, supra*, pág. 90.
[12] *Oficina de Ética Gubernamental v. Martínez Giraud, supra*, pág. 89; *Torres Rivera v. Policía de PR, supra*, pág. 627; *Otero v. Toyota,* 163 DPR 716, 727 (2005).
[13] *Torres Rivera v. Policía de PR, supra*, pág. 626.
[14] *Id.*, pág. 627.
[15] *Oficina de Ética Gubernamental v. Martínez Giraud, supra*, pág. 90; *Capó Cruz v. Junta Planificación et al., supra*.
[16] *Capó Cruz v. Junta Planificación et al., supra*.
[17] *Id.*; *Rolón Martínez v. Supte. Policía, supra*, pág. 36.

descartarán el criterio de la agencia administrativa, en el cual cederá la deferencia administrativa, sólo cuando la agencia: 1) erró al aplicar la ley; 2) actuó arbitraria, irrazonable o ilegalmente, o; 3) lesionó derechos constitucionales fundamentales.[18]

Además, el criterio administrativo no podrá prevalecer cuando la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual se aprobó la legislación y la política pública que la promueve.[19] En ese sentido, la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia.[20] Por ende, los tribunales tienen que armonizar, siempre que sea posible, todos los estatutos y reglamentos administrativos involucrados para la solución justa de la controversia, de modo que se obtenga un resultado sensato, lógico y razonable.[21]

Por último, en el ejercicio de la función revisora de los tribunales apelativos, los foros apelativos deben diferenciar entre asuntos de interpretación estatutaria, del cual los tribunales son especialistas, y los asuntos propios de la discreción o la pericia administrativa.[22]

## B. *Jurisdicción Administrativa*

La jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir los casos que se someten a su consideración.[23] Los organismos administrativos, al igual que los tribunales, no tienen discreción

---

[18] *Id.*; *JP, Plaza Santa Isabel v. Cordero Badillo, supra.*
[19] *Oficina de Ética Gubernamental v. Martínez Giraud, supra,* págs. 90-91.
[20] *Moreno Lorenzo v. Dept. de la Familia*, 207 DPR 833, 843 (2021).
[21] *Id.*
[22] *Hernández Feliciano v. Mun. de Quebradillas*, 2023 TSPR 6; *OCS v. Point Guard Ins.*, 205 DPR 1005, 1028 (2020).
[23] *DACo v. AFSCME,* 185 DPR 1, 12 (2012); *Cruz Parrilla v. Dpto. Vivienda,* 184 DPR 393, 401 (2012).

para asumir jurisdicción donde no la hay.[24] En el caso de las agencias administrativas, éstas solo pueden ejercer los poderes expresamente delegados por su ley habilitadora y aquellos que sean indispensables para llevar a cabo su encomienda primordial.[25] "Por esta razón, una agencia no puede asumir jurisdicción sobre una actividad, materia o conducta cuando no está claramente autorizada por ley para ello".[26]

Por tanto, una decisión dictada por un foro administrativo sin que este posea jurisdicción sobre las partes o la materia es jurídicamente inexistente o *ultra vires*.[27]

## C. *Reglamento de la OASE*

La Ley Núm. 85 de 29 de marzo de 2018, según enmendada, conocida como "Ley de Reforma Educativa de Puerto Rico"[28], se aprobó con el propósito de fijar la nueva política pública del Gobierno de Puerto Rico en el área de educación; revisar y desarrollar, mediante consenso y estudio crítico-reflexivo-investigativo, el nuevo marzo filosófico que fundamentará el sistema de enseñanza en Puerto Rico.[29] Mediante este estatuto se creó la Oficina de Apelaciones del Sistema de Educación (OASE), como la entidad encargada de revisar las determinaciones finales relativas a los asuntos del personal del Departamento de Educación.

Para instrumentalizar el articulado de la ley citada, se aprobó el Reglamento de la Oficina de Apelaciones del Sistema de Educación, Reglamento Número 9099, aprobado el 29 de mayo de 2019 (en adelante, "Reglamento"). Este Reglamento tiene el propósito de "establecer el proceso que debe seguirse para la presentación de una apelación ante la oficina y el adecuado manejo

---

[24] *DACo v. AFSCME, supra.*
[25] *López Nieves v. Méndez Torres,* 178 DPR 803 (2010).
[26] *DACo v. AFSCME, supra.*
[27] *Dávila, Rivera v. Antilles Shipping, Inc.,* 147 DPR 483, 498 (1999).
[28] 3 LPRA § 9801 et seq.
[29] Exposición de Motivos de la Ley Núm. 85 de 29 de marzo de 2018, 3 LRPA § 9801 et seq.

y trámite de dicho recurso por parte de ésta".[30] El Reglamento establece la jurisdicción de la OASE de la siguiente forma:

### ARTÍCULO 4 – JURISDICCIÓN

Este Reglamento aplicará a todas las apelaciones presentadas **por aquellos empleados no sindicados del Departamento de Educación** inconformes con una resolución, orden o determinación final sobre asuntos de personal a quienes les aplique la Ley Número 8 del 4 de febrero de 2017, conocida como la "Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico" y el Reglamento. (Énfasis Nuestro).

Además, el Artículo 6.1 dispone lo siguiente en cuanto al término aplicable para la presentación de la apelación:

### ARTÍCULO 6.1 – PRESENTACIÓN DE LA APELACIÓN

**(a) Término para presentar la apelación**: las apelaciones contra una resolución, orden o determinación final emitidas por el(la) Secretario(a) se presentarán dentro del término jurisdiccional de treinta (30) días contados desde la fecha de la notificación de la determinación final al empleado.

Una determinación final es "el escrito firmado por el(la) Secretario(a) o su representante autorizado y notificado a un empleado en el cual se le informa una acción disciplinaria en la que se le imputa la comisión de alguna violación a una ley o reglamento".[31]

Por otro lado, el Reglamento en su Artículo 6.2 establece que "[c]ualquier documento que sea mencionado en la Apelación deberá ser incluido como un anejo a dicho escrito, con excepción de las leyes, reglamentos y jurisprudencia mencionados en la Apelación para los cuales se incluirá la cita legal correspondiente".

### D. *Expectativa de retención de empleo*

Como regla general, un empleado público goza de un derecho propietario sobre su empleo, por lo que se le reconoce un interés de

---

[30] Artículo 3 del Reglamento de la Oficina de Apelaciones del Sistema de Educación, Reglamento Número 9099.
[31] *Id*, Artículo 5.5.

retención respecto a este. Ello ocurre particularmente en el caso de los empleados de carrera o en aquellos casos en que las circunstancias del empleo hagan que la ley les reconozca una expectativa de continuidad en el empleo.[32] Lo anterior implica que un empleado de carrera no puede ser removido de su puesto sin justa causa y sin un debido proceso de ley o contractual.[33]

En el caso específico de los empleados transitorios, el Tribunal Supremo les ha reconocido una expectativa de retención en el empleo, pero limitada al término de su nombramiento.[34] O sea, que **los empleados transitorios no gozan de derecho a permanecer en el puesto, ni tienen una expectativa legítima de retenerlo, una vez vencido el nombramiento**.[35]

Los puestos transitorios confieren a las agencias y corporaciones públicas la flexibilidad necesaria para atender las demandas de capital humano con carácter inmediato, pero a la vez temporero, surgidas por situaciones imprevistas o de emergencias, las cuales no pueden afrontarse con el capital humano regular.[36] Toda vez que los empleados transitorios no gozan de una expectativa de continuidad en sus puestos, más allá del término para el que fueron designados, **una entidad no está obligada a renovar un contrato transitorio si ha finalizado su vigencia**.[37] Si al vencer el término del nombramiento no se le extiende al empleado un nuevo nombramiento, no estamos ante una suspensión o destitución sino ante una cesantía.[38]

De manera que es solo durante la vigencia del nombramiento que la autoridad nominadora viene obligada a seguir "ciertos

---

[32] *Depto. Recs. Naturales v. Correa*, 118 DPR 689, 693 (1987).
[33] *Camacho Torres v. AAFET*, 168 DPR 66, 81 (2006).
[34] *Depto. Recs. Naturales v. Correa, supra*, pág. 697.
[35] *SLG Giovanetti v. ELA*, 161 DPR 492, 510 (2004).
[36] *Depto. Recs. Naturales v. Correa, supra*, pág. 694.
[37] *Orta v. Padilla Ayala*, 131 DPR 227, 243-244 (1992); *Depto. Recs. Naturales v. Correa, supra*, pág. 697.
[38] *Martínez v. Colom, Comisionado*, 51 DPR 417, 421 (1937).

procedimientos para privar al empleado de su empleo, de forma que se cumpla con el debido proceso de ley".[39] Así pues, vencido el término del nombramiento transitorio, la autoridad nominadora no está obligada a aplicar el principio de mérito, ni a demostrar justa causa para no renovar el contrato.[40]

III

La recurrente acude ante nos señalando que, como primer error, la OASE incidió al desestimar y ordenar el cierre y archivo de la *Apelación* por falta de jurisdicción ante incumplimiento con el Artículo 6.1 y 6.2, toda vez que ya no era empleada del Departamento cuando presentó su recurso y no existía evidencia de que su nombramiento transitorio hubiera sido cancelado previo a su vencimiento el 28 de junio de 2022. Colegimos que no le asiste la razón y que la OASE no tenía jurisdicción para atender su recurso.

La recurrente ostentó su puesto transitorio hasta el 28 de junio de 2022 y presentó la *Apelación* en la fecha del 9 de septiembre de 2022, más de dos (2) meses de vencido su nombramiento y cuando ya no era empleada del Departamento. La recurrente indica que recurre de la *Certificación*, emitida el 10 de agosto de 2022 y notificada al día siguiente, en la cual se le notificó que no se le extendería su nombramiento por evaluación inadecuada y que, ante ello, la OASE posee jurisdicción. Asimismo, la recurrente impugna su evaluación inadecuada mediante la *Apelación* y solicita que se remueva la evaluación inadecuada de su expediente para que, consiguientemente, se le extienda su nombramiento transitorio.

Primeramente, la *Certificación* no constituye una determinación final de la cual pueda recurrirse ante la OASE y que la misma otorgue jurisdicción sobre ello. La *Certificación* no tiene el propósito de informarle de una acción disciplinaria en la que se le

---

[39] *SLG Giovanetti v. ELA, supra*, págs. 506-507.
[40] *Depto. Recs. Naturales v. Correa, supra*, pág. 697.

imputa la comisión de alguna violación a una ley o reglamento, como lo requiere el Artículo 5.5 del Reglamento de la OASE. La *Certificación* sólo sirve para informarle que su nombramiento no fue extendido por evaluación inadecuada, acto que el Departamento no tiene la obligación de hacer al vencer un nombramiento.

Cabe destacar que, según surge de las alegaciones, la recurrente conocía de los resultados de su evaluación desde el 9 de junio de 2022, cuando se subió al portal la visita sumativa y no las impugnó dentro de los diez (10) días laborables dispuestas en la Carta Circular del 22 de noviembre de 2021.[41] Contrario a las alegaciones de la recurrente, del expediente no se evidencia que se incumplió con el proceso de evaluación, por lo que la recurrente tuvo oportunidad para impugnarlo. Por tanto, la recurrente no puede pretender que la *Certificación* reviva su derecho a impugnar su evaluación, habiendo tenido la oportunidad para ello durante la vigencia de su nombramiento.

Señalamos que, una vez venció el nombramiento, la recurrente no poseía un derecho propietario sobre su empleo ni tenía una expectativa legitima de retención de su empleo, según ha establecido nuestra jurisprudencia. Tampoco tenía el Departamento la obligación de justificar ni notificar por escrito la terminación del contrato cuando la misma tiene fecha de inicio y fecha de vencimiento. Por ende, la *Certificación* tampoco puede utilizarse para vindicar un derecho que la recurrente nunca poseyó.

Por último, el Artículo 4 del Reglamento de la OASE establece que el Reglamento aplicará a aquellos recursos presentados por empleados no sindicados del Departamento de Educación. Recalcamos que la recurrente no era empleada del Departamento al presentar su *Apelación*. Es decir, la OASE estaba privada de

---

[41] Carta Circular del 22 de noviembre de 2021 sobre Evaluación del Personal Docente y Docente Administrativo durante el Año Escolar 2021-2022.

jurisdicción para considerar la *Apelación* por el hecho de que la recurrente no era empleada del Departamento al presentar el recurso. Distinto hubiese sido si se hubiese presentado el reclamo dentro de los treinta (30) días a partir del vencimiento de su nombramiento o durante su vigencia. Empero, no estamos ante ninguno de los casos anteriores. Ante la falta de jurisdicción de la OASE, no amerita resolver en sus méritos los otros dos (2) señalamientos de error.

IV

Por los fundamentos antes expresados, se confirma la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones