GABINO MARTÍNEZ, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. LUIS R. POLO, JUEZ, demandado; MARCOS ALEMÁN, ET AL., Interventores.

Número: 2343. Resuelto: 13 de octubre de 1961.

*Jorge Benítez Gautier,* abogado del peticionario; *F. Fernández Cuyar* y *A. Mieres Calimano,* abogados de los interventores.

Sala integrada por el Juez Presidente Señor Negrón Fernández, como Presidente de Sala, y los Jueces Asociados Señores Blanco Lugo y Dávila.

El Juez Asociado Señor Dávila emitió la opinión del Tribunal.

El Administrador de Estabilización Económica dispuso por órdenes emitidas el 31 de julio de 1956 que el recurrente devolviera a los recuridos, cuatro inquilinos suyos, la suma de $3,770.10. Como el casero no hizo efectiva esa suma dentro de los treinta días de dictarse las órdenes, los inquilinos instaron un pleito y demandaron que se les concediera el triple de la suma adeudada tal y como dispone el artículo 8 de la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 188 (pág. 540 ed. 1961). El recurrente solicitó la revisión de las órdenes dictadas por el Administrador, y por haber radicado su escrito fuera de tiempo, se desestimó. Ahora, antes de que el pleito radicado por los inquilinos contra el casero fuera fallado, el recurrente solicitó el 29 de noviembre de 1956 del Administrador que reconsideraran las órdenes del 31 de julio anterior ya que al dictarlas, según él alegaba, se habían cometido varios errores.

Veamos uno de los errores. Uno de los inquilinos ocupaba dos locales en el mismo edificio por los que pagaba $138.30 mensuales. Por orden de 2 de abril de 1956 se fijó para uno de los locales un canon de $130.25 y para el otro $2.00 mensuales. Examinado el expediente administrativo se observará que los cómputos matemáticos para determinar el monto del reembolso, se hicieron sobre la base de que había una sola orden estableciendo un canon máximo de $2.00 mensuales. Y no se tuvo en cuenta la otra orden emitida en la misma fecha referente al otro local. Así, se determinó que el inquilino había pagado $136.30 mensuales en exceso de los $2.00 que había fijado el Administrador, cuando lo cierto era que sólo había pagado $6.05 mensuales en exceso pues al otro local se le fijó un canon de $130.25. Por esta razón la

orden de reembolso le obligaba a pagar $1,635.60 y la sentencia del tribunal de instancia $4,906.80, cuando lo único que había cobrado en exceso el casero eran $72.60.

El Administrador señaló la moción de reconsideración y reconsideró sus órdenes dejándolas sin efecto mediante resolución del 26 de diciembre de 1956. Mientras tanto, los inquilinos en el pleito de triple daño habían solicitado que se dictara sentencia sumaria. El juez de instancia, fundándose en las órdenes del 31 de julio, cuya reconsideración como hemos expuesto se había solicitado en 29 de noviembre accedió a ello con fecha 11 de diciembre de 1956. El 27 de diciembre de 1956, o sea, un día después de la fecha en que el Administrador dejó sin efecto las órdenes del 31 de julio, el casero solicitó del juez de instancia reconsiderara la sentencia dictada sumariamente y le llamó la atención al hecho de que las órdenes del 31 de julio en la que había fundado su fallo habían sido dejadas sin efecto por el Administrador. Señalada esta moción para el 18 de enero de 1957, la corte sentenciadora con fecha 5 de marzo de ese año, ratificó su sentencia del 11 de diciembre anterior.

Para sostener su criterio, el juez de instancia apunta que la moción de reconsideración radicada por el casero el 29 de noviembre de 1956 había sido radicada fuera del término que los reglamentos de la Administración de Estabilización Económica tienen establecido para solicitar reconsideración, por lo que el Administrador de esa agencia carecía de facultad para dejar sin efecto las órdenes del 31 de julio anterior. Efectivamente las Reglas de Procedimiento de la agencia disponen en su artículo 14 que "[l]as solicitudes para la concesión de nueva audiencia, así como las solicitudes de reconsideración por las cuales se interese la modificación o revocación de las resoluciones u órdenes del Administrador deberán ser radicadas en la Administración dentro de los diez (10) días a partir de la fecha de la notificación de la resolución u orden del Administrador". Pero el artículo 5d

de la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 185 (T. 4to. ed. 1961) establece: "El Administrador podrá dictar, enmendar o revocar de tiempo en tiempo aquellas reglas, reglamentos, órdenes y derechos que estime necesarios o propios a fin de llevar a cabo los propósitos de esta Ley...".

■ En el día de hoy en *Alers* v. *Tribunal Superior*, 83 D.P.R. 702 (1961) resolvimos que si bien era cierto que una moción de reconsideración radicada en el asunto de que conocía la Comisión de Servicio Público lo había sido expirado el término que la ley concede para hacerlo, no menos cierto era que la propia ley autorizaba a la Comisión, motu proprio, a reconsiderar sus órdenes. Sostuvimos que el hecho de que se hubiera radicado una reconsideración fuera de término no era impedimento para que la Comisión, apoyándose en la autoridad que le confería la propia ley, reconsiderara una de sus resoluciones. Y ya hemos visto que igual situación de ley impera en este caso.

■ Los organismos administrativos deben tener suficiente flexibilidad para poder en todo momento reajustar sus órdenes y resoluciones de acuerdo con lo que la justicia y la razón dicten. ¿Cómo es posible, teniendo presente lo acontecido en el presente caso, que una vez que al Administrador se le llama la atención al hecho de que equivocadamente dictó una orden de reembolso que representa para el casero pagar una suma sustancial, se quede inerme y permita que esa iniquidad se perpetúe? Se derrotaría el fundamento mismo de su existencia como agencia administrativa: que lo justo impere sin las trabas procesales de los tribunales de justicia. Todas las circunstancias concurrentes en este caso claramente justificaban el que la agencia dejara sin efecto su orden en cualquier momento en que viniera en conocimiento del error cometido. Lo aquí expuesto se refiere a casos en que no ha habido revisión judicial de la orden del Administrador por haberse radicado la petición de revisión fuera del término, como en el caso de autos, o por no haberse solicitado la misma.

Expresamente dejamos, para ser considerado en el caso apropiado, la facultad de reconsiderar en ocasiones en que se gestione judicialmente la revisión de la orden. Véase, Schopflocher, *The Doctrine of Res Judicata in Administrative Law*, (1942) Wis. L. Rev. 5, 15-16.

 La facultad de los organismos administrativos para reconsiderar sus órdenes en cualquier momento que sea necesario para corregir un error, independientemente de lo que se establezca por la propia ley que crea el organismo, ha sido ampliamente reconocida. Refiriéndose al poder de la Comisión de Comercio Inter-Estatal para corregir sus propias órdenes el Tribunal Supremo de los Estados Unidos en *American Trucking Assn.* v. *Frisco Co.*, 358 U.S. 133 (1958) dijo lo siguiente:

"Es axiomático que los tribunales tienen el poder y el deber de corregir aquellas sentencias que contengan errores de forma o que hayan sido dictadas por inadvertencia o equivocación. *Gagnon* v. *United States*, 193 U.S. 451. La Regla 60(a) de las Reglas Federales de Enjuiciamiento Civil reconoce esta facultad y específicamente dispone que 'los errores de forma y los que surjan por inadvertencia u omisión pueden ser corregidos por el tribunal en cualquier momento, a su propia iniciativa o a moción de parte y después de la notificación, de haber alguna, que el tribunal ordene.' Una facultad similar le ha sido conferida a la Interstate Commerce Commission. La sección 17(3) de la Ley creadora de esa Comisión, 49 U.S.C. §17(3), dispone que: 'La Comisión ajustará sus procedimientos bajo cualquier disposición de ley a la mejor forma conducente a una adecuada disposición de asuntos y a los fines de impartir justicia.' Este amplio estatuto habilitador, en nuestra opinión, autoriza corregir errores ministeriales cometidos por inadvertencia. Resolver lo contrario sería afirmar que una vez cometido un error la Comisión está huérfana de autoridad para tomar medidas para corregirlo. Ello, contrario a lo dispuesto por el Congreso, no es 'conducente a los fines de la justicia'. En realidad, el hecho de que los oficiales administrativos y los tribunales gozan de autoridad para corregir tales errores ha sido reconocido durante largo tiempo—probablemente tan reconocido que ha merecido

escasa mención en los casos informados. *Bell* v. *Hearne,* 19 How. 252.

Naturalmente, la facultad de corregir errores ministeriales cometidos por inadvertencia no puede utilizarse como pretexto para enmendar decisiones previas porque la sabiduría de tales decisiones resulte dudosa a la luz de sistemas cambiantes. ..."

██ A ese mismo efecto: *Fœber-Norfleet* v. *Southern Ry. Co.,* 9 F. Supp. 409 (D.C. N.D. Ga. 1934); *Reo Motors* v. *Commissioner of Internal Revenue,* 219 F.2d 610 (6to. Cir. 1955); 2 Davis, *Administrative Law,* sec. 18.09 (ed. 1958); 1 Van Bauer, *Federal Administrative Law,* sec. 183 et seq. págs. 162 et seq. (1242); Cooper, *Administrative Agencies and the Courts,* pág. 245 (1951); Hart, *An Introduction to Administrative Law,* págs. 644 et seq. (2da. ed. 1950); Swenson, *Federal Administrative Law,* págs. 103 et seq. (1952); Davis, *Cases on Administrative Law,* pág. 654 (1951); Nota, 10 Syracuse L. Rev. 326 (1959); Schopflocher, *The Doctrine of Res Judicata in Administrative Law,* (1942) Wis. L. Rev. 5; Weis, *Administrative Reconsideration,* 28 N.Y. V. L. Rev. 1262 (1953); Cf. *1 Baldwin* v. *Milling Co.,* 307 U.S. 478 (1939). Pero como se dijo en *American Trucking* el poder que tiene un organismo administrativo para modificar sus órdenes y resoluciones en cualquier momento, no debe usarse en tal forma que afecte la estabilidad de la política enunciada por el propio organismo administrativo. Tan amplia facultad debe ser usada con circunspección e informada discreción. *Sprague* v. *Woll,* 122 F.2d 128 (7mo. Cir. 1941).

 En realidad lo que estamos haciendo es aplicando a los organismos administrativos los mismos principios que informan las disposiciones de la anterior Regla 60a de las de Enjuiciamiento Civil y la 49.1 de las de Procedimiento Civil de 1958 que establece que "[l]os errores de forma en las sentencias, órdenes u otras partes del expediente y los que aparezcan en las mismas por inadvertencia u omisión, podrán corregirse en cualquier tiempo, a su propia iniciativa

[de la corte] o a moción de cualquier parte, previa notifica-. ción, si ésta se ordenare..." *American Trucking Assn.* v. *Frisco Co.*, supra. Si se ha considerado justo y razonable aplicarla a las sentencias dictadas por los tribunales de justicia, todavía es más razonable aplicarla a los organismos administrativos que son creados precisamente para que funcionen sin la inflexibilidad que generalmente caracteriza a los tribunales. Véase, *Sucn. Rosario* v. *Sucn. Cortijo*, 83 D.P.R. 678 (1961).

Establecida la facultad del Administrador para reconsiderar las órdenes de reembolso del 31 de julio y habiéndose dejado éstas sin efecto por resolución de 26 de diciembre de 1956, de la cual vino en conocimiento el juez de instancia al considerar la moción de reconsideración radicada por el casero en el caso de autos, desaparece la base en que descansaba la sentencia sumaria dictada el 11 de diciembre de 1956 que declaró con lugar la demanda por triple daño. Cf. 3 Barron & Holtzoff, *Federal Practice and Procedure*, 1236 (1958). *Ammann* v. *Home Investment Co.*, 243 F.2d sec. 748, 758 (9no. Cir. 1957).([1])

*Procede por tanto revocar la sentencia y devolver el caso al tribunal de instancia para ulteriores procedimientos consistentes con esta opinión.*

---

([1]) Los inquilinos recurrieron para ante el Tribunal Superior de la Resolución del Administrador que dejó sin efecto las órdenes de reembolso del 31 de julio, caso civil 57-38, y el juez de instancia anuló la referida orden por la misma resolución y por los mismos fundamentos que declaró sin lugar la moción de reconsideración en el caso de triple daño. El auto de certiorari expedido en el caso de autos, incluía la revisión de ambos casos. Los mismos fundamentos expuestos en la opinión para revocar la sentencia sumaria dictada en el caso de triple daño prevalecen para revocar la resolución dictada en el caso de revisión interpuesto por los inquilinos en el Tribunal Superior. Se revocará la Resolución del Tribunal Superior, Sala de San Juan de 5 de mayo de 1957 que declaró con lugar el recurso de revisión, civil 57-38.