# 2000 DTA 142

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I DE SAN JUAN
## PANEL III

JUAN BAEZ ROSADO
Recurrente

v.

BAYAMON FORD, FORD MOTOR CREDIT CO.,
FORD MOTOR CO. CARIBBEAN, INC.
Recurridos

Núm. KLRA-2000-00302

San Juan, Puerto Rico, a 14 de junio de 2000

Panel integrado por su Presidente, el Juez Arbona Lago
y los Jueces Cordero y Urgell

Cuebas Cordero, Juez Ponente

■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■

## TEXTO COMPLETO DE LA RESOLUCION

La parte recurrente, Juan Báez Rosado (*"Báez"*), presentó ante este Tribunal un recurso de revisión el día 2 de mayo de 2000. Por las razones que en adelante señalamos, estamos impedidos de revisar el recurso por falta de jurisdicción.

### I

Báez presentó, el 28 de julio de 1999, querella ante el Departamento de Asuntos del Consumidor (*"DACO"*) en contra de Bayamón Ford Inc., Ford Motor Credit Co. y la Ford Motor Company Caribbean, Inc. (en adelante todos llamados bajo el singular *"Ford"*). En la querella, Báez alegó que al comprar el *"Ford Ranger"* (un vehículo nuevo), Ford prometió que el costo del seguro de vida estaría incluido dentro del costo del seguro de accidente de la unidad; que el deducible bajo el seguro de la unidad sería de $250.00 y luego le avisaron que el deducible sería de $500.00; y que los cargos de licencia y registro eran gratuitos. Báez también alegó ciertos desperfectos en el vehículo y solicitó que el contrato de compraventa acordado el 3 de julio de 1999 se ordenara cancelado y se le devolviera $3,164.50, cuya suma representaba el dinero dado de pronto, más el costo de un *"liner"*.

Luego de celebrada la vista administrativa ante la Jueza Administrativa del DACO, se determinó y se resolvió, en síntesis:

*"(a) el vehículo, según el técnico del DACO, funcionaba correctamente, aunque tenía dos pequeños rallazos;*

*(b) Ford se había negado a cambiar el vehículo, razón por la cual Báez dejó el vehículo en los predios de Ford y no efectuó pago alguno a pesar de haberse vencido la primera mensualidad el 2 de agosto de 1999;*

*(c) Ford había corregido el problema del deducible bajo la póliza de seguro reduciéndolo de $500.00 a $250.00; ofreció pagarle el costo de la tablilla y expresó que Báez podía eliminar el seguro de vida;*

*(d) era improcedente la resolución del contrato por no existir dolo, no procedía la acción de saneamiento, ya que el vehículo funcionaba bien y los dos pequeños rallazos se podían observar a simple vista al momento de la compraventa y no hacían inútil el vehículo;*

*(e) Ford estaba obligada a pagar por la prima total del seguro de vida que le había ofrecido a Báez."*

La Resolución del DACO fue archivada en los autos del caso el 6 de diciembre de 1999. En dicha Resolución, se le advirtió correctamente a las partes que tenían veinte (20) días para pedir reconsideración o, en la alternativa, podían acudir en revisión directamente ante este Tribunal. Advirtió, además, que si se presentaba una moción de reconsideración y el DACO no tomaba acción alguna en cuanto a dicha *"Moción de Reconsideración"* en el término de quince (15) días de recibida, se consideraría la misma rechazada de plano. En cuyo caso, el término para solicitar revisión judicial era de treinta (30) días, luego de pasar los quince (15) días de inacción. También se advirtió que si el DACO tomase alguna determinación sobre la moción de reconsideración radicada, el término para solicitar revisión empezaría a contarse desde la fecha en que se archivó en autos la Resolución; pero si la agencia no tomaba acción alguna dentro del término de noventa (90) días de haberse acogido la *"Moción de Reconsideración"*, el DACO perdería jurisdicción y si se deseaba solicitar revisión judicial, el término de treinta (30) días comenzaría nuevamente a correr al expirar los noventa (90) días.

El 16 de diciembre de 1999, Ford solicitó reconsideración. En su petición de revisión ante este Tribunal, Báez no incluyó copia de dicha moción en el apéndice que acompañó con su solicitud. En todo caso, según el récord ante nos, el enero de 2000, el DACO acogió la *"Moción de Reconsideración"*, o sea, pasado el término de quince (15) días. Bajo ley, 3 L.P.R.A. sec. 2172, la fecha límite para acoger dicha moción era viernes, 31 de diciembre de 1999.

El 14 de marzo de 2000, el DACO notificó su Resolución declarando Con Lugar la *"Moción de Reconsideración"* presentada por Ford y resolviendo que el pago de la prima por el seguro de vida estaba incluido en el pago mensual del auto. El 20 de marzo de 2000, Báez presentó otra moción de reconsideración ante el DACO objetando la Resolución del 14 de marzo de 2000. Como el DACO no acogió la *"Moción de Reconsideración"*, el 1 mayo de 2000, Báez presentó su petición de revisión ante nos solicitando se deje sin efecto la Resolución del DACO del 14 de de marzo de 2000, y se ordenara que Ford le pagara $880.04 por la prima de vida.

## II

Luego de un ponderado análisis, nos vemos obligados a concluir que este Tribunal carece de jurisdicción, razón por la cual es menester denegar la solicitud de revisión.

Como señalamos, el 16 de diciembre de 1999, Ford presentó ante el DACO su *"Moción de Reconsideración"*. El término para el DACO acoger dicha moción expiró el viernes 31 de diciembre de 1999. Sin embargo, el 3 de enero de 2000, fuera del término fijado por ley, el DACO acogió la *"Moción de Reconsideración"*. No obstante, el Tribunal Supremo de Puerto Rico ha establecido como norma que los tribunales y los organismos administrativos tienen facultad inherente para reconsiderar sus propias órdenes y resoluciones en cualquier momento antes de perder jurisdicción sobre el caso, cuando sea necesario para corregir errores, independientemente de lo que se establezca por propio estatuto que crea la agencia. *Kelly Temporary Services v. Fondo del Seguro del Estado*, ___ D.P.R. ___ (23 enero 97), **97 J.T.S. 5**, a la pág. 491, citando a *Martínez v. Tribunal Superior*, 83 D.P.R. 717, 721 (1961); *Aponte Correa v. Policía de P.R.*, ___ D.P.R. ___ (5 dic. 96), **96 J.T.S. 157**, nota al calce 9. Por tanto, el DACO tenía jurisdicción para corregir cualquier error que le pudo haber señalado Ford en su *"Moción de Reconsideración"* porque tenía jurisdicción sobre el caso hasta treinta (30) días pasado el período de inacción. El 14 de marzo de 2000, DACO notificó su Resolución corrigiendo y enmendando su primera Resolución archivada en los autos el 6 de diciembre de 1999.

## III

El hecho de que Báez no acompañó en el apéndice la *"Moción de Reconsideración"* presentada por Ford ante el DACO, nos obliga decretar que no tenemos jurisdicción. Dicho documento constituye una alegación indispensable y esencial para perfeccionar el recurso. Las normas sobre perfeccionamiento de los recursos apelativos deben observarse rigurosamente, *Rojas Lugo v. Axtmayer Enterprises, Inc.*, ___ D.P.R. ___ (21 marzo 2000), **2000 J.T.S. 59**, a la pág. 867; *Arriaga Rivera v. F.S.E.*, ___ D.P.R. ___ (18 mar. 1998), **98 J.T.S. 28**, a las págs. 687-688; *Cárdenas Maxán v. Rodríguez*, 119 D.P.R. 642, 659 (1987), habida cuenta de que ya es tiempo que los abogados y los que litigan sus propios casos estén familiarizados con el derecho y la reglamentación de recursos apelativos a partir de la Ley de la Judicatura de 1994, según enmendada. *Codesi, Inc. v. Municipio de Canóvanas*, ___ D.P.R. ___ (24 marzo 2000), **2000 J.T.S. 61**, a la pág. 884. Precisamente, la Regla 59 E(1)(a) y (f) fueron obviadas por Báez. ■ No puede quedar al arbitrio de los abogados o las partes decidir qué disposiciones reglamentarias deben acatarse y cuándo. *Rojas Lugo, supra*, a la pág. 867; *Arriaga Rivera, supra*, a la pág. 689; *Matos v. Metropolitan Marble Corp.*, 104 D.P.R. 122, 124-125 (1975). El Tribunal Supremo, con relación al apéndice, ha establecido que se debe cumplir fielmente con las disposiciones del Reglamento al radicarse el recurso, para así poner en condiciones al foro apelativo de considerar los méritos del recurso presentado. *Pérez Suárez v. Depto. de la Familia*, ___ D.P.R. ___ (17 feb. 99), **99 J.T.S. 15**, a la pág. 581. La omisión de incluir documentos esenciales para la debida evaluación, ponderación, estudio y adjudicación de un recurso, equivale a no haber presentado el apéndice, razón por la cual procede desestimar el recurso. *H. Leasing v. Carib. Tubular Corp.*, 115 D.P.R. 428 (1989). Al Báez dejar de incluir un documento tan esencial y necesario

para estudio de los méritos de la Resolución objetada, nos impide considerar la procedencia del recurso aquí presentado.

La falta de jurisdicción no puede ser subsanada ni el tribunal puede asumirla cuando no existe, siendo un deber obligatorio examinar y resolver primeramente cualquier aspecto sobre su jurisdicción. *Vázquez v. A.R.P.E., supra*, 128 D.P.R. 513, 537 (1991).

## IV

Por los fundamentos antes expresados, declinamos, por falta de jurisdicción, a revisar el recurso presentado.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General