TEXTO COMPLETO DE LA SENTENCIA
Antecedentes
La Junta de Subastas de Compra de la Universidad de Puerto Rico (Junta de Subastas) convocó a los interesados en presentar propuestas para la “Contratación de los Servicios Médico-Quirúrgicos para los Empleados de la Universidad de Puerto Rico”, subasta formal número 07-05. Siete proveedoras de cubierta interesadas presentaron sus propuestas.
Concluido el proceso y recibidas por la Junta de Subastas las siete licitaciones, el 22 de septiembre de 2006 se adjudicó la buena pro de la subasta, por partidas y a los siguientes licitadores: (a) Cubierta Básica (hospitalización, médico-quirúrgico, médico-ambulatorio y “major medical”) a favor de la Cruz Azul de Puerto Rico, Inc. (Cruz Azul); (b) Cubierta de Farmacia y Dental a favor de la recurrente, Humana de Puerto Rico, Inc. (Humana). (Ap., págs. 1-3.)
Ese mismo día, 22 de septiembre de 2006, la Junta de Subastas notificó el referido Aviso de Adjudicación a todos los licitadores mediante correo certificado con acuse de recibo. (Ap., págs. 63 y 67.) El aviso también les apercibió respecto al derecho de apelar ante el Presidente de la Universidad de Puerto Rico (UPR) dentro de un plazo de 10 días calendarios a partir del recibo de dicha notificación. Se consignó, además, que “el recibo de la notificación de la decisión se determinará por el matasellos del depósito en el correo.” (Ap., pág. 3.)
El 29 de septiembre de 2006, Humana cursó carta de un pliego a la Junta de Subastas en la que solicitó una reunión para aclarar una alegada contradicción entre “los números indicados en la partida adjudicada a Humana de Puerto Rico y los números que aparecen bajo la columna de Humana en el Anejo I..." de su cotización. (Ap., pág. 6.)
Al no recibir respuesta por parte de la Junta de Subastas, el 3 de octubre de 2006, Humana presentó la apelación administrativa núm. 90-862, e incluyó el cheque núm. 011017 por la suma de $100,000.00 en concepto de fianza en apelación. Consta en autos que la referida apelación fue presentada a las 4:47 p.m. en la División de Compras y a las 5:03 p.m. en la División de Finanzas de la Administración Central de la UPR. (Ap., págs. 7 y 20, respectivamente.) No fue sino hasta pasadas las 5:00 p.m. que el representante de Humana regresó a la UPR y fue “asistido por personal de seguridad y por la Sra. Nayda Muñoz quienes [lo] acompañaron al vestíbulo de la Oficina del Presidente. Por no haber nadie en ese momento, la Sra. Nayda Muñoz [l]e sugirió que dejara copia de los documentos [apelación] en el escritorio de la recepción de la Oficina del *965 Presidente. ” (Véase, Declaración Jurada del Sr. Ignacio García Sánchez, Ejecutivo de Ventas Corporativas de Humana, Ap., pág. 100.)
En el ínterin (2 de octubre de 2006) y en escrito separado, la Cruz Azul apeló la adjudicación de la subasta ante el Presidente de la UPR (Apelación Administrativa Núm. 90-861).
Tras un trámite procesal, no necesario aquí pormenorizar, el 6 de diciembre de 2006, notificada el 7 de diciembre de 2006, el Presidente de la UPR emitió Resolución en la que acogió el Informe y Recomendaciones rendido por la Oficial Examinadora, Leda. Cecile Solá Placa y desestimó la apelación incoada por Humana, por haber sido presentada fuera del término jurisdiccional de 10 días. (Ap., págs. 137-147.)
Inconforme, el 13 de diciembre de 2006, Humana instó la apelación núm. JS06-28 ante la Junta de Síndicos de la UPR (Junta de Síndicos). Alegó, en síntesis, que el aviso de adjudicación que se le notificó es nulo porque en el mismo se indica que las aseguradoras Humana y Preferred Health poseen la misma dirección postal, por lo que procede que “...se deje sin efecto y que se emita un nuevo Aviso que cumpla con todos los requisitos aplicables”, (Ap., pág. 156), para que comiencen a decursar conforme a derecho los términos para solicitar la revisión de la adjudicación de la subasta. Solicitó, además, que se consolidara su apelación con la otra apelación incoada por la Cruz Azul, para evitar resultados inconsistentes sobre un asunto en común. Por su parte, la UPR presentó oposición.
Luego de otro trámite procesal, no necesario aquí detallar, el 27 de enero de 2007, la Junta de Síndicos emitió la Decisión de Apelación Núm. 12DAJS (2006-2007) en la que aprobó en su totalidad el Informe del Comité de Apelaciones y consecuentemente declaró sin lugar la apelación instada por Humana, confirmando así la determinación desestimatoria del Presidente de la Universidad respecto al recurso presentado por Humana, por falta de jurisdicción. El acuerdo de la Junta de Síndicos fue certificado el 31 de enero de 2007 y notificado a las partes el 1 de febrero de 2007.
El 12 de febrero de 2007, Humana acudió vía Revisión Administrativa ante este foro de apelación intermedia e imputa a la Junta de Síndicos incidir de la siguiente forma:

“A. Erró la Junta de Subastas de la UPR al adjudicar a la Cruz Azul la cubierta básica del plan médico de sus empleados.

B. Erró la Junta de Síndicos al desestimar la apelación presentada por HUMANA por falta de jurisdicción.

C. Erró la Junta de Síndicos al confirmar la decisión de la UPR de retener la fianza de apelación presentada por HUMANA.

D. Erró la Junta de Síndicos al determinar que no procede la consolidación de la apelación de HUMANA con la presentada por Cruz Azul.”

(Énfasis en el original.)
Junto con el recurso, la recurrente presentó una moción en auxilio de jurisdicción, solicitando que ordenemos la paralización de los procedimientos atinentes a la Apelación Administrativa Núm. 90-861, presentada por la Cruz Azul ante la Junta de Síndicos, hasta tanto este Foro resuelva en los méritos este recurso.
*966 Exposición y Análisis
Debemos comenzar por determinar respecto a nuestra jurisdicción sobre la causa de epígrafe, por lo que comenzamos con el señalamiento de error identificado con la letra B.
Reiteradamente se ha reconocido y favorecido la dinámica ágil que enmarca los procedimientos de subastas gubernamentales con el propósito de procurar su adjudicación expedita, en beneficio del fin público que éstas representan.
En vista de ello, la Ley de Procedimiento Administrativo Uniforme (LPAU), Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 LPRA see. 2101 et. seq., imprime un carácter formal a las etapas de reconsideración y revisión judicial del trámite de adjudicación de subastas y establece también plazos más cortos para accesar a éstos en comparación con los procesos de reconsideración y revisión judicial de las determinaciones administrativas ordinarias. Ergo, la sec. 3.19 de la LPAU, supra, establece que:
“[...] La parte adversamente afectada por una decisión podrá, dentro del término de diez (10) días a partir de la adjudicación de la subasta, presentar una moción de reconsideración ante la agencia o la entidad apelativa de subastas, de existir una en la agencia, según sea el caso. La agencia o la entidad deberá considerarla dentro de los diez (10) días de haberse presentado. Si se tomare alguna determinación en su consideración, el término para instar el recurso de revisión judicial empezará a contarse desde la fecha en que se archiva en autos una copia de la notificación de la decisión de la agencia o la entidad apelativa resolviendo la moción. Si la agencia o la entidad apelativa dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haberse presentado, se entenderá que esta ha sido rechazada de plano, y a partir de esa fecha comenzará a correr el término para la revisión judicial. ” 3 LPRA see. 2169.
Asimismo, dicho estatuto, en su see. 4.2, dispone que una parte que ha sido afectada adversamente por una orden o resolución final del ente administrativo dentro del trámite de impugnación de subasta, podrá recurrir ante este foro de apelación intermedia dentro de un término de 10 días contados a partir de la fecha del archivo en autos de copia de la notificación de la orden o resolución final del organismo administrativo, o dentro de los 10 días de haber expirado el plazo establecido en la see. 2169, supra. 3 LPRA sec. 2172.
Por otro lado, a cada agencia administrativa se le ha delegado la discreción necesaria para reglamentar y promulgar las normas y términos razonables que regirán sus procedimientos de subastas. En el caso de marras, recae sobre la Junta de Subastas la función de conducir, estudiar y adjudicar correctamente las subastas realizadas por la Administración Central de la UPR. En el descargo de tal facultad y ante el tipo de subasta que aquí se trata, la Junta ha de regirse por la ley orgánica de la Universidad, así como por el “Reglamento General para la Adquisición de Equipo, Materiales y Servicios no Personales de la Universidad de Puerto Rico”, Certificación Número 022, Serie 1995-96 de la Junta de Síndicos, según enmendado (Reglamento).
En lo aquí atinente, dicho Reglamento, en su Art. VII-F (5), dispone que:
“[l]as adjudicaciones de subastas formales [como la de autos] se notificarán por correo certificado a todos los suplidores que hayan sometido licitaciones, independientemente que hayan asistido o no al acto de apertura. ”
Por su parte, el Art. VII-H (1) y (2) del aludido Reglamento establecen que:

“[cjualquier lidiador afectado por una adjudicación de una subasta formal o informal podrá presentar un escrito de apelación ante el Presidente de la Universidad en Subastas de la Administración Central o Rector en 
*967
la Unidad Institucional correspondiente. La apelación se hará por escrito dentro de los próximos diez (10) días calendarios a partir de la fecha de recibo de notificación de la decisión de la Junta de Subastas o Director de Compras.

El recibo de la notificación de la decisión se determinará por el matasellos del depósito en correo cuando el envío es por correo certificado o por acuse de recibo cuando es entrega personal. ” (Énfasis suplido.)
Un lenguaje similar se utilizó en el Aviso de Adjudicación notificado a los licitadores, que por su pertinencia transcribimos ad verbatim:

“Cualquier lidiador afectado por esta adjudicación, podrá presentar un escrito de apelación ante el Presidente de la Universidadel cual deberá radicarse en un período de diez (10) días calendarios a partir de la fecha de recibo de esta notificación. El recibo de la notificación de la decisión se determinará por el matasellos del depósito en el correo. La apelación se regirá por las disposiciones contenidas en el Reglamento General para la Adquisición de Equipo, Materiales y Servicios No Personales de la Universidad de Puerto Rico, Certificación Número 022, Serie 1995-96 de la Junta de Síndicos, según enmendado. Al momento de radicarse una apelación, el apelante prestará una fianza en cheque certificado o giro bancario de diez por ciento (10%) del importe total de la oferta adjudicada o $100,000.00, la que resulte menor.

El Presidente de la Universidad de Puerto Rico considerará el caso dentro del término de cinco (5) días laborables de haberse presentado la apelación y emitirá su decisión por escrito. Si el Presidente deja de tomar alguna acción con relación a la apelación dentro del término establecido, se entenderá que está siendo rechazada de plano y a partir de esa fecha comenzará el término para la apelación en la Junta de Síndicos.

La decisión del Presidente podrá ser apelada ante la Junta de Síndicos dentro de los próximos cinco (5) días laborables a partir de la fecha de recibo de la notificación.

La Junta de Síndicos tendrá diez (10) días laborables para considerar la apelación. Si este organismo deja de tomar acción alguna sobre esta apelación durante este término, se entenderá rechazada de plano. El apelante podrá, en el término de diez (10) días, presentar una moción de reconsideración ante la Junta quien deberá considerarla dentro de los diez (10) días laborables de haberse presentado. Si este organismo deja de tomar acción alguna en ese término, se entenderá rechazada de plano. A partir de la fecha en que la Junta emita su decisión final rechazando de plano la apelación o transcurridos los diez (10) días laborables de presentada la reconsideración si[n] ser considerada, comenzará la revisión judicial.” (Ap., pág. 3.) (Énfasis y subrayado nuestro.)
Según lo antes señalado, Humana imputa error a la Junta de Síndicos al confirmar la determinación del Presidente de la UPR quien se declaró sin jurisdicción para resolver en los méritos su apelación por haber sido presentada tardíamente.
Expone que:
“[e]l Aviso [de Adjudicación] fue emitido por la Junta de Subastas el 22 de septiembre de 2006. [...] HUMANA recibió el Aviso el 25 de septiembre de 2006 y a los cuatro días ya había hecho constar su intención de apelar la misma [...]. Es decir, tan cercano como el 29 de septiembre de 2006, HUMANA diligentemente había informado a la Junta de Subastas su preocupación e insatisfacción con la adjudicación realizada. No habiendo recibido reacción alguna de parte de la Junta de Subastas, HUMANA presentó una segunda comunicación el 3 de octubre de 2006, en la que de manera más completa y detallada reiteraba su intención de apelar la adjudicación realizada por la Junta de Subastas.” (Escrito de Revisión, págs. 11 y 12.) (Énfasis nuestro.)
*968 Del récord ante nos surge que el Aviso de Adjudicación de la subasta fue notificado el 22 de septiembre de 2006, a todos los lidiadores mediante correo certificado con acuse de recibo. Consta en autos copia del aviso postal que el correo cursó al destinatario, con matasellos que acredita que el depósito en el correo se efectuó en dicha fecha. (Ap., págs. 63 y 67.)
Por tanto, a partir de la fecha del depósito en el correo del aviso de adjudicación, es decir el 22 de septiembre de 2006, comenzó a decursar el término de 10 días calendarios dispuesto por el Reglamento, supra, para que los licitadores apelaran la adjudicación ante el Presidente de la UPR, plazo que finalizó el 2 de octubre de 2006.
Si bien es cierto que el 29 de septiembre de 2006, Humana cursó carta a la Junta de Subastas, advirtiendo unas alegadas incongruencias entre las partidas cotizadas y las que finalmente se adjudicaron a su favor, tal gestión no puede ser considerada de forma alguna como una apelación conforme al Reglamento, supra. Primero, dicha comunicación se dirigió a la Junta de Subastas y no al Presidente de la Universidad como lo advierte y requiere el Reglamento, supra. Segundo, dicha misiva no incluyó la fianza en apelación exigida reglamentariamente al momento de presentar la apelación. Art. VIII H(12) del Reglamento, supra.
Ciertamente, tal comunicación no se puede considerar una apelación de la adjudicación de la subasta. A lo sumo, tal gestión podría entenderse como una moción de reconsideración, véase Kelly Temporary Services v. F.S.E., 142 DPR 290 (1997), presentada ante la Junta de Subastas, que al no ser considerada por dicho cuerpo se entiende rechazada de plano por lo que tampoco tuvo efecto interruptor alguno en cuanto al plazo de 10 días calendarios dispuestos para apelar ante el Presidente de la Universidad.
Consta de autos que Humana incoó el recurso de apelación administrativa núm. 90-862 el 3 de octubre de 2006, un día después de haber expirado el término jurisdiccional y fatal de 10 días calendarios para apelar ante el Presidente de la UPR. Ello privó de jurisdicción al Presidente de la Universidad para acoger tal recurso. Por tanto, es de concluir que la Junta de Síndicos actuó correctamente al confirmar la determinación del Presidente de la UPR de desestimar la causa, al carecer de jurisdicción para adjudicar en sus méritos el recurso de apelación administrativa de anterior referencia.
La falta de jurisdicción del foro administrativo para entender en la causa del epígrafe también nos impide contar con jurisdicción para atender en los méritos del caso. Sólo contamos con jurisdicción para reconocer que tanto el ente administrativo como este tribunal de apelación intermedia carecemos de jurisdicción para entender en los méritos sustantivos de la controversia, por lo que confirmamos la Resolución emitida por la Junta de Síndicos, aquí recurrida.
No contamos con discreción para asumir jurisdicción donde no la hay. Souffront et. al. v. A.A.A., 164 DPR _ (2005), 2005 JTS 56; Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345,370 (2003). La falta de jurisdicción no puede ser subsanada, ni el foro, judicial o administrativo, puede arrogarse la jurisdicción que no tiene, ni puede accesar. En tales situaciones sólo contamos con facultad para señalar que no contamos con capacidad activa o autoridad en ley para entender en los méritos de lo planteado en el expediente del epígrafe. Rodríguez v. Syntex P.R., Inc., 148 DPR 604, 617-618 (1999).
Aun cuando las partes no lo planteen, un tribunal viene obligado a velar por su jurisdicción. Lugo v. Suárez, 165 DPR __ (2005), 2005 JTS 141; Morán v. Martí, 165 DPR _ (2005), 2005 JTS 11; Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997); Lagares v. E.L.A., 144 DPR 601 (1997); Vázquez v. A.R.P.E., 128 DPR 513 (1991).
II
Finalmente, Humana argumenta, en la alternativa, que “el Aviso [de Adjudicación] notificado a las partes *969 adolecía de un error en su contenido y que como el Aviso carecía de efectividad legal, el término para instar apelación nunca comenzó a cursar.” (Recurso de Revisión, pág. 14.) No nos persuaden.
El récord administrativo revela que la UPR admitió que al detallar en el Aviso de Adjudicación la lista de licitadores junto a sus respectivas direcciones postales, por error o inadvertencia le asignó a la aseguradora Preferred Health la misma dirección postal que utiliza Humana. No obstante, del expediente administrativo también se colige que el Aviso de Adjudicación remitido a Preferred Health fue debidamente notificado mediante correo certificado en la misma fecha en que fueron notificados los restantes licitadores (22 de septiembre de 2006), a la correcta dirección informada por Preferred Health, a saber: Urb. San Agustín, 1167 Calle Máximo Alomar, San Juan, PR 00924. (Ap., págs. 64-69.)
En vista de ello, es preciso concluir que como cuestión de récord y realidad, todos los licitadores advinieron en conocimiento de la determinación de la Junta de Subastas en la misma fecha, sin mediar ventaja o desventaja de ninguna índole y teniendo a su haber los mismos derechos para impugnar el resultado y en el mismo término. Realmente, se trata de un lapsus de la Junta de Subastas de carácter secundario, que en medida alguna laceró las garantías del debido proceso de ley reconocido a los licitadores. Un error de este tipo no invalida el aviso de adjudicación ni su notificación. No se cometió el error apuntado.
En vista del resultado al que hemos arribado, no entraremos a discutir los méritos del restante error levantado por Humana.
Dictamen
Conforme a lo expuesto, confirmamos en su totalidad la Decisión de Apelación de la Junta de Síndicos de la Universidad de Puerto Rico Núm. 12 DAJS (2006-2007), aquí recurrida.
Denegamos también la Moción en Auxilio de Jurisdicción.
Notifíquese la presente inmediatamente por correo ordinario, a todas las partes.
Leda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIO 2007 DTA 41
1. Como se sabe, cuando una parte interese solicitar reconsideración ante el organismo administrativo, tiene para ello el mismo término que el ordenamiento sustantivo dispone para la revisión judicial, independientemente que la ley habilitadora específicamente así lo disponga, por tratarse de un derecho inherente del foro administrativo. Kelly Temporary Services v. F.S.E., supra, a las págs. 300-301; Aponte v. Policía de P.R., 142 DPR 75, 83 nota al calce núm. 7 (1996); Martínez v. Tribunal Superior, 83 DPR 717, 721 (1961).