Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| FÉLIX L. VEGA COLÓN<br><br>Recurrente<br><br>Vs.<br><br>ADMINISTRACIÓN DE SERVICIOS MÉDICOS DE PUERTO RICO (ASEM)<br><br>Recurrido | TA2025RA00053 | *REVISIÓN ADMINISTRATIVA* procedente de la Administración de Servicios Médicos de Puerto Rico<br><br>Caso Núm. 2024-G-04<br><br>Sobre: IMPUGNACIÓN NO APROBACIÓN PERIODO PROBATORIO |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de enero de 2026.

Comparece ante nos el recurrente, Félix L. Vega Colón (en adelante, recurrente o señor Vega Colón), y nos solicita que revisemos la *Resolución* emitida y notificada el 22 de abril de 2025, por la Oficial Examinadora, la licenciada Cristine Ramos Martínez (en adelante, Oficial Examinadora). Mediante esta, la Oficial Examinadora declaró *No Ha Lugar* la apelación presentada por el recurrente.

Por los fundamentos que expondremos a continuación, se *confirma* la *Resolución* recurrida.

*-I-*

El 7 de julio de 2021 el señor Vega Colón comenzó a trabajar, como empleado regular de carrera, en la Administración de Servicios Médicos (en adelante, ASEM), como *Tecnólogo de Cuidado Respiratorio*. Posteriormente, el 1 de febrero de 2024, fue nombrado en ascenso al puesto de *Supervisor de Servicios de Cuidado*

*Respiratorio* por un periodo probatorio de seis (6) meses.[1] Sin embargo, el 4 de abril de 2024, el señor Vega Colón recibió una carta de la señora Idaly Torres Maldonado, mediante la cual se le indicó que la señora Emily Rodríguez Silva (en adelante, señora Rodríguez Silva) presentó una querella en su contra, en la cual alegó que, el 5 de marzo de 2024, en el comedor del Hospital Universitario de Adultos, el recurrente le faltó el respeto con un comentario impropio de índole sexual.[2]

Posteriormente, el 23 de abril de 2024, Kelvin J. Pamias, el Director de Recursos Humanos de la ASEM (en adelante, señor Pamias), le suscribió una carta al señor Vega Colón, mediante la cual le informó que, tras llevar a cabo una investigación sobre la referida querella, y conforme a lo establecido en el Artículo 8, Sección 8.9, del Reglamento de Personal Aplicable al Servicio de Carrera y Confianza de la ASEM, Reglamento Núm. 7926 del 27 de septiembre de 2010 (en adelante, Reglamento Núm. 7926 o Reglamento de Personal), el recurrente no aprobó el periodo probatorio, por lo que sería reinstalado a su puesto anterior como *Tecnólogo de Cuidado Respiratorio*.[3]

En desacuerdo, el 13 de mayo de 2024, el señor Vega Colón presentó una *Moción Asumiendo Representación Legal, Apelación y Solicitud de Orden de Mostrar Causa* ante la Oficial Examinadora.[4] Mediante esta, el recurrente alegó que la determinación del señor Pamias violó su derecho constitucional a un debido proceso de ley, al igual que era contraria a lo establecido en el Reglamento Núm. 7926, *supra*. Sostuvo que la decisión no se tomó conforme al Artículo 8, Sección 8.9, del referido Reglamento, ya que esta no se tomó por el Director Ejecutivo. Por lo cual, solicitó que se dejara sin

---

[1] Apéndice del recurso, Anejo 4, pág. 8.
[2] *Íd.*, Anejo 4, pág. 14.
[3] *Íd.*, Anejo 4, pág. 15.
[4] *Íd.*, Anejo 4.

efecto la desaprobación del periodo probatorio y, por consiguiente, la terminación de su nombramiento al puesto de *Supervisor de Servicios de Cuidado Respiratorio.*

El 20 de junio de 2024 la ASEM presentó su *Contestación a Apelación.*[5] Mediante esta, sostuvo que actuó de manera razonable al no aprobar el periodo probatorio del recurrente como consecuencia de su conducta. Asimismo, alegó que cumplió con el debido proceso de ley y el principio de mérito al removerlo del puesto de *Supervisor de Servicios de Cuidado Respiratorio.*

Tras celebrar una vista oral ante la Oficial Examinadora, el 8 de julio de 2024, la ASEM presentó una *Moción Informando Envío de Certificación y Declaración de la ASEM.*[6] Mediante esta, la agencia recurrida anejó una declaración jurada suscrita por el señor Pamias, quien explicó que la carta que le proveyó con anterioridad al señor Vega Colón tenía el propósito de informarle de la decisión del licenciado Jorge E. Matta González, Director Ejecutivo de la ASEM (en adelante, Director Ejecutivo), sobre la desaprobación del periodo probatorio en el puesto de *Supervisor de Servicios de Cuidado Respiratorio,* conforme a lo dispuesto en el Artículo 8, Sección 8.9, del Reglamento Núm. 7926, *supra.*

Tras varios asuntos procesales, el 6 de septiembre de 2024, la ASEM presentó una *Oposición a Moción Solicitando Remedios y Moción Solicitando se Dicte Resolución Sumaria Desestimando la Apelación.*[7] En esta, la agencia recurrida sostuvo que la determinación de no aprobar el periodo probatorio del señor Vega Colón fue tomada por el Director Ejecutivo en cumplimiento con la política de la agencia de intolerancia al hostigamiento sexual en el empleo. Asimismo, arguyó que, dado a que al no haber completado

---

[5] *Íd.,* Anejo 6.
[6] *Íd.,* Anejo 8.
[7] *Íd.,* Anejo 11.1, pág. 4.

el periodo probatorio el recurrente no tenía un interés propietario sobre el puesto de *Supervisor de Servicios de Cuidado Respiratorio*, por lo que este carecía de legitimación activa para presentar la apelación en controversia. Por consiguiente, el 12 de diciembre de 2024, el recurrente presentó una *Réplica a Oposición a Moción Solicitando Remedios y Moción Enmendada para que se Dicte Resolución Sumaria Desestimando la Apelación y en Solicitud de Resolución Sumaria A Favor del Apelante.*[8] En esencia, el señor Vega Colón reiteró sus previos argumentos y solicitó que se dictara una resolución sumaria a su favor, dejando sin efecto la no aprobación del periodo probatorio.

Así las cosas, el 22 de abril de 2025, la Oficial Examinadora emitió la *Resolución* recurrida. En primer lugar, concluyó que, a pesar de ser un empleado en un periodo probatorio, el Artículo 8, Sección 8.9, del Reglamento de Personal le otorgaba al señor Vega Colón legitimación activa para presentar la apelación en controversia. No obstante, determinó que, a pesar de que el Director de Recursos Humanos notificó la decisión de no aprobar el periodo probatorio del recurrente, el expediente administrativo demostró que dicha decisión fue hecha por el Director Ejecutivo, conforme a lo dispuesto en el referido Reglamento. De igual forma, sostuvo que el señor Vega Colón no probó que ostentaba un interés propietario sobre el puesto de *Supervisor de Servicios de Cuidado Respiratorio* que activara las garantías del debido proceso de ley, pues no completó satisfactoriamente el periodo probatorio. Asimismo, razonó que el proceder de la ASEM de separar al señor Vega Colón del puesto de *Supervisor de Servicios de Cuidado Respiratorio*, y reinstalarlo en su posición regular de carrera como *Tecnólogo de Cuidado Respiratorio*, no constituyó una actuación irrazonable ni un

---

[8] *Íd.*, Anejo 16.

abuso de discreción. De este modo, la Oficial Examinadora declaró *No Ha Lugar* y desestimó la apelación del señor Vega Colón.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 7 de julio de 2025, el recurrente presentó una *Solicitud de Revisión* ante esta Curia. En su escrito, señala la comisión de los siguientes errores:

> Erró la Oficial Examinadora al emitir una Resolución y resolver que la parte recurrida no violó el Reglamento de Personal de ASEM, Artículo 8, sección 8.9, en el proceso de separar sumariamente al recurrente de su periodo probatorio en el puesto de Supervisor de Servicios de Cuidado Respiratorio.

> Erró la Oficial Examinadora al emitir una Resolución validando una Declaración Jurada inadmisible en evidencia del Sr. Kelvin J. Pamias con fecha del 8 de julio de 2024 y resolver que la parte recurrente no presentó ninguna declaración o prueba en contrario para controvertir lo declarado por el Sr. Pamias bajo juramento.

> Erró la Oficial Examinadora al emitir una Resolución de forma sumaria a favor de la parte recurrida, a pesar de existir controversias sobre hechos materiales y omitir hechos esenciales establecidos por la parte recurrente y no controvertidos por la parte recurrida.

Por su parte, el 7 de agosto de 2025, ASEM presentó su *Alegato en Oposición a Solicitud de Revisión*, así como una copia certificada del expediente administrativo. De este modo, con el beneficio de la comparecencia de las partes, así como del contenido del expediente administrativo y el derecho aplicable, procedemos a expresarnos.

*-II-*

*-A-*

En nuestro ordenamiento jurídico, los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank, Inc.,* 214

DPR 473, 484 (2024); *Voili Voilá Corp. v. Mun. Guaynabo,* 213 DPR 743, 754 (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821-822 (2012).

Dentro de este contexto, la revisión judicial se limita a determinar si la agencia actuó de forma arbitraria, ilegal, o tan irrazonable que implique abuso de discreción. *OCS v. Point Guard Ins.,* 205 DPR 1005, 1026-1027 (2020); *Rivera Concepción v. ARPe.,* 152 DPR 116, 122 (2000). Esto significa que, el tribunal respetará el dictamen de la agencia, salvo que no exista una base racional que fundamente la actuación administrativa. *ECP Incorporated v. OCS,* 205 DPR 268, 282 (2020); *Misión Ind. P.R. v. J.P.,* 146 DPR 64, 134-135 (1998). Así, la revisión judicial suele limitarse a determinar si: (1) el remedio concedido por la agencia fue el apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial en el expediente administrativo; y (3) si las conclusiones de derecho fueron correctas. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003).

Ahora bien, esa presunción de legalidad no constituye un dogma inflexible que, impida la revisión judicial si no existen las condiciones que sostienen la deferencia. En el caso de *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016), el Tribunal Supremo de Puerto Rico se expresó sobre el alcance de la revisión judicial y mencionó lo siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede

que se valide la interpretación que realizó la agencia administrativa recurrida.

Por ende, como norma general, el tribunal revisor debe respeto y deferencia al dictamen administrativo. No obstante, si el foro revisor entiende que uno de estos factores está presente, podrá entonces modificar la decisión. De lo contrario, se abstendrá a ello. Es pertinente enfatizar que, la doctrina no exige que la agencia tome la mejor decisión posible, sino que el criterio a evaluar es si la misma, dentro de las circunstancias particulares del caso, es razonable. *De Jesús v. Depto. Servicios Sociales*, 123 DPR 407, 417-418 (1989). Por ende, si existe más de una interpretación razonable de los hechos, ordinariamente se avalará la decisión del foro administrativo. *Super Asphalt v. AFI y otros*, *supra*, a la pág. 819; *Torres Rivera v. Policía de PR*, *supra*, a la pág. 628.

En lo concerniente al alcance de la revisión judicial, la sección 4.5 de la de Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9675, limita la discreción del tribunal revisor sobre las determinaciones de hecho que realiza la agencia administrativa. 3 LPRA sec. 9675. Como consecuencia, la revisión judicial de los tribunales para determinar si un hecho se considera probado o no se limita conforme la siguiente norma:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. *Íd.*

El Tribunal Supremo de Puerto Rico define el concepto de evidencia sustancial como "aquella evidencia relevante que una

mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero v. Toyota*, 163 DPR 716, 728 (2005); *Misión Ind. P.R. v. J.P.*, *supra*, pág. 131. Además, reiteró:

> Para que un tribunal pueda decidir que la evidencia en el expediente administrativo no es sustancial es necesario que la parte afectada demuestre que existe otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la prueba presentada y hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración.

Por tal razón, es la parte que impugna la decisión administrativa quien tiene que producir evidencia de tal magnitud que conmueva la conciencia y tranquilidad del juzgador, de forma que éste no pueda concluir que la decisión de la agencia fue justa, porque simple y sencillamente la prueba que consta en el expediente no la justifica. Ello implica que "[s]i en la solicitud de revisión la parte afectada no demuestra la existencia de esa otra prueba, las determinaciones de hecho de la agencia deben ser sostenidas por el tribunal revisor". *Domínguez v. Caguas Expressway Motors*, *supra*, pág. 398; *Ramírez v. Depto. de Salud*, 147 DPR 901, 905 (1999).

### -B-

La Ley Núm. 66 de 22 de junio de 1978, según enmendada, 24 LPRA sec. 342 *et seq.*, es la ley orgánica de la ASEM. Conforme a dicho estatuto, el Artículo 8 confiere a la ASEM la autoridad para crear, enmendar y derogar los reglamentos necesarios para su funcionamiento, así como establecer la estructura administrativa y de personal que resulte pertinente. 24 LPRA sec. 342g (b) y (c). Asimismo, el Artículo 14 dispone que la ASEM deberá administrar un sistema de personal fundamentado en el principio de mérito, el

cual estará regido por un reglamento de personal, salvo que existan convenios colectivos aplicables. 24 LPRA sec. 342m.

A tales efectos, y en lo pertinente a la controversia que nos ocupa, se creó el *Reglamento de Personal Aplicable al Servicio de Carrera y Confianza,* Reglamento Núm. 7926 del 27 de septiembre de 2010. En específico, el Artículo 4 de dicho Reglamento define el *periodo probatorio* de la siguiente manera:

> Es un término de tiempo durante el cual un empleado al ser nombrado en un puesto está en periodo de adiestramiento y prueba, y sujeto a evaluaciones en el desempeño de sus deberes y funciones. Durante dicho periodo el empleado no tiene adquirido ningún derecho propietario sobre el puesto. *Íd.*

Asimismo, el Artículo 8, Sección 8.9, del aludido estatuto dispone que los empleados en un periodo probatorio tendrán que demostrar su capacidad para ejercer los deberes del puesto en cuestión, al igual que deberán observar la conducta esperada de un servidor público para ser acreedor de un empleado regular en el mismo. De incumplir con estos elementos, el referido Reglamento establece lo siguiente:

> [...]
>
> 8. El (La) Director(a) Ejecutivo(a) podrá efectuar separaciones de empleados en periodo probatorio en cualquier momento durante el transcurso del mismo, cuando se considere que sus servicios, hábitos o actitudes no justifican concederle un nombramiento regular.
>
> Será motivo suficiente para la separación de un empleado en periodo probatorio cuando en una evaluación preliminar o final no alcance el nivel de ejecución esperado en uno o más de los criterios evaluados en los formularios oficiales, si a juicio del Supervisor de Servicios de Cuidado Respiratorio la magnitud de la deficiencia constituye causa suficiente para recomendar dicha acción.
>
> Toda separación expresará los motivos de la misma e indicará claramente si es por razón de sus servicios, hábitos o actitudes. La facultad del (de la) Director(a) Ejecutivo(a) de efectuar separaciones en periodo probatorio es indelegable. Solamente el(la) Director(a) Ejecutivo(a) o la persona que le sustituya interinamente, puede ejercerla.

[…]. *Íd.*

Ahora bien, como regla general, un empleado público goza de un derecho propietario sobre su empleo, por lo que se le reconoce un interés de retención respecto a este. *Díaz Carrasquillo v. García* Padilla, 191 DPR 97, 111 (2014); *Depto. Recs. Naturales v. Correa,* 118 DPR 689, 693 (1987). Ello ocurre particularmente en el caso de los empleados de carrera o en aquellos casos en que las circunstancias del empleo hagan que la ley les reconozca una expectativa de continuidad en el empleo. *Depto. Recs. Naturales v. Correa,* supra, pág. 693. Lo anterior implica que un empleado de carrera solo puede ser removido de su puesto con justa causa y previo a ciertos trámites de rigor. *Camacho Torres v. AAFET*, 168 DPR 66, 81 (2006). No obstante, para adquirir la expectativa de retención en el puesto y obtener la posición de empleado regular de carrera, estos deben haber completado satisfactoriamente el periodo probatorio correspondiente. *Depto. Recs. Naturales v. Correa,* supra, pág. 694.

**-C-**

La Sección 3.13(e) de la Ley Núm. 38-2017, *supra,* dispone que "[l]as Reglas de Evidencia no serán aplicables a las vistas administrativas, pero los principios fundamentales de evidencia se podrán utilizar para lograr una solución rápida, justa y económica del procedimiento". 3 LPRA sec. 9653. Lo anterior se debe a que se busca evitar las trabas procesales de los tribunales, para agilizar y simplificar los procedimientos. J.A. Echevarría Vargas, *Derecho Administrativo Puertorriqueño*, 5a ed. rev., Puerto Rico, Ed. SITUM, 2023, pág. 228, citando a *Martínez v. Tribunal Superior*, 83 DPR 717, 720 (1961). Sin embargo, ello no implica que esté prohibido que los foros administrativos utilicen las Reglas de Evidencia, por lo que su

aplicación deberá estar sentada en una base racional. Asimismo, nuestro Tribunal Supremo ha expresado lo siguiente:

> El carácter informal y flexible que distingue a los procesos administrativos permite que el juzgador de hechos conozca toda la información pertinente para dilucidar la controversia que tiene ante sí. No obstante, los principios fundamentales de las reglas procesales y de evidencia podrán utilizarse en estos procesos mientras sean compatibles con la naturaleza de éstos.
>
> *Otero v. Toyota,* 163 DPR 716, 733 (2005).

### -III-

En el presente caso, el recurrente planteó que ASEM no cumplió con lo dispuesto en el Artículo 8, Sección 8.9, del Reglamento de Personal al removerlo del puesto de *Supervisor de Servicios de Cuidado Respiratorio.* En esencia, sostuvo que la decisión de la agencia recurrida fue hecha por el señor Pamias, el Director de Recursos Humanos, y no por el Director Ejecutivo, según lo requerido por el referido Reglamento. Además, alegó que la Oficial Examinadora incidió al resolver de forma sumaria, habiendo controversias de hechos. Tras evaluar el expediente administrativo en autos, así como el derecho aplicable, *confirmamos* la *Resolución* recurrida. Por estar relacionados entre sí, procedemos a discutir los errores señalados en conjunto.

Tal cual esbozado en el resumen doctrinal, el Reglamento Núm. 7926, *supra,* dispone que el Director Ejecutivo tendrá la prerrogativa de remover a cualquier empleado que, durante el periodo probatorio, no demuestre tener la capacidad de ocupar el puesto al cual fue nombrado. Además, el referido Reglamento dispone que la facultad del Director Ejecutivo de separar al empleado es indelegable. Por otra parte, tanto el Reglamento Núm. 7926, *supra,* como nuestro Tribunal Supremo, ha establecido que todo empleado público ostenta un interés propietario en el empleo sobre un puesto regular de carrera. No obstante, el mismo se obtiene

una vez el empleado complete y apruebe satisfactoriamente el periodo probatorio correspondiente.

Surge del expediente administrativo ante nuestra consideración que el señor Vega Colón era empleado regular de carrera en el puesto de *Tecnólogo de Cuidado Respiratorio,* mas no como *Supervisor de Servicios de Cuidado Respiratorio.* En dicho puesto, el recurrente se encontraba en un periodo probatorio de seis (6) meses. Debido a que la ASEM posee una política de cero tolerancia a actos de hostigamiento sexual en el empleo, y tras llevar a cabo una investigación sobre la querella presentada en contra del señor Vega Colón, el Director Ejecutivo tomó la decisión de no aprobar el periodo probatorio del recurrente y de reinstalarlo a su cargo anterior. Dicha acción es cónsona con lo dispuesto en el Reglamento Núm. 7926, *supra,* al igual que con la jurisprudencia aplicable.

El recurrente alegó que la declaración jurada suscrita por el señor Pamias era insuficiente para probar el hecho de que la decisión final de removerlo fue del Director Ejecutivo, y no del Director de Recursos Humanos. No obstante, no surge de su alegato ni del expediente administrativo que el señor Vega Colón haya controvertido dicho hecho. Además, cabe resaltar que, aunque los principios evidenciarios podrán ser utilizados en los procedimientos administrativos, estos no deben causar mayores dilaciones en el mismo, ni interferir con el carácter de agilidad y sencillez que les cobija.

Por otra parte, el recurrente planteó que la Oficial Examinadora incidió al resolver el caso de manera sumaria habiendo controversias de hechos. No obstante, surge claramente del expediente en autos que ambas partes solicitaron que se resolviera el caso a su favor de esta forma. En específico, el 12 de diciembre de 2024, el señor Vega Colón razonó que sus argumentos

demostraban la procedencia legal de que se emitiese una resolución sumaria a su favor.[9]

De este modo, concluimos que no se cometieron los errores señalados por el recurrente. Siendo así, determinamos que la actuación de la agencia recurrida no consiste en una decisión arbitraria, ilegal, o tan irrazonable que implique abuso de discreción. Por consiguiente, no encontramos base jurídica que nos permita intervenir con la determinación recurrida, por lo que *confirmamos* la misma.

### *-IV-*

Por los fundamentos antes esbozados, los cuales hacemos formar parte de este dictamen, *confirmamos* la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] *Véase*, Apéndice del recurso, Anejo 16, pág. 2.